HARRISON'S SANITARIUM, INC.,
Appellant,

v.

COMMONWEALTH of Kentucky, DEPART-
MENT OF HEALTH, Appellee.

Virgia M. JACKSON et al., Appellants,

v.

COMMONWEALTH of Kentucky, DEPART-
MENT OF HEALTH et al., Appellees.

Court of Appeals of Kentucky.

June 30, 1967.

William H. McCann, Brown, Sledd & McCann, Lexington, for Harrison's Sanitarium.

James E. Thornberry, Louisville, for Virgia Jackson.

Robert Matthews, Atty. Gen., David B. Sebree, Asst. Atty. Gen., Edward F. Prichard, Frankfort, for Com., Dept. of Health.

Paul E. Tierney, J. G. Childers, Frankfort, for Com., Dept. of Economic Security.

Fred M. Goldberg, Goldberg & Lloyd, Louisville, for Louisville and Jefferson County Bd. of Health.

PALMORE, Judge.

These consolidated actions challenge the validity, as applied to the complaining parties, of certain administrative regulations of the Department of Health, the Department of Economic Security, and the Louisville and Jefferson County Board of Health which have the effect of increasing the minimum room size and space per bed required in nursing homes and rest homes, thereby reducing the number of resident patients the various plaintiff institutions are licensed to accommodate.

The trial court denied temporary injunctive relief and dismissed the actions on the grounds that (1) the facts alleged in the complaints do not indicate irreparable injury with no adequate remedy at law and (2) the plaintiffs had failed to exhaust the administrative remedies available to them.[1] We shall discuss these grounds in reverse order.

■ In Goodwin v. City of Louisville, 309 Ky. 11, 215 S.W.2d 557 (1948), Louisville and Jefferson County P. & Z. Comm. v. Stoker, Ky., 259 S.W.2d 443 (1953), and Kentucky Bd. of Hairdressers, etc., v. Stevens, Ky., 393 S.W.2d 886 (1965), it was recognized that a party may have direct judicial relief without exhaustion of administrative remedies when there are no disputed factual questions to be resolved and the issue is confined to the validity or applicability of a statute or ordinance. The appellees seek to distinguish this case on the fact that we are here concerned with administrative regulations rather than statutes or ordinances. Presumably an agency could find its own regulation invalid, or invalid as applied to a particular litigant, whereas it might be obliged to assume the validity of a statute. However, we do not perceive a substantial difference. Administrative regulations properly adopted and filed have the full effect of law and are required to be enforced. KRS 13.081. Procedures designed to afford hearings to licensees and applicants for licenses are not applicable to the formulation of legislative regulations. Once promulgated, an administrative regulation is final in the same sense that a legislative act is final. One

---

1. See KRS 211.260; KRS 216.440; KRS 216.480; KRS 216.690.

does not appeal from an action that is essentially legislative in character.

■ Another basis on which some courts have held the exhaustion requirement inapplicable when the issue is the validity of a regulation is that the administrative proceeding probably would be an exercise in futility. Davis, Administrative Law Treatise, § 20.07 (Vol. 3, p. 99); Jaffe, Judicial Control of Administrative Action, p. 449. But a more practical rationale is that if a person immediately affected by a regulation must either comply with it or violate it and await the consequences he simply does not have a reasonable, and therefore adequate, alternative to initiating a challenge in court. Especially is this so when, as in these cases, a violation subjects him to criminal sanctions as well as forfeiture of his license.[2] He cannot reasonably be expected to live indefinitely under a sword of Damocles.

■ We realize, of course, that the same situation may exist by reason of factual circumstances that are in dispute, or which create uncertainty with regard to the applicability of particular regulations. This merely illustrates that there is a gray area which may have to be explored on a case by case basis as the need arises.[3] The single issue presented by the cases now before us is the validity of regulations that have the effect of making it illegal for the several appellants to continue using their property in a manner that was not illegal before the promulgation or amendment of the regulations in question. They have no way of initiating or precipitating a challenge except by a proceeding in court. We hold the requirement of exhaustion to be inapplicable.

In Kendall v. Beiling, 295 Ky. 782, 175 S.W.2d 489 (1943), and Pritchett v. Marshall, Ky., 375 S.W.2d 253 (1964), this court declined to interfere in controversies which were already the subject of pending administrative proceedings. Aside from other differences, the salient distinguishing feature of those cases is that action had been taken to precipitate a resolution of the controversy through the administrative proceeding. In this case, we might be equally reluctant to entertain the actions if the administrative avenue had been opened first by some affirmative action to penalize or revoke the license of one or more of the appellants. Cf. Heyser v. Brown, 299 Ky. 82, 184 S.W.2d 893, 894 (1945).

■ The considerations applicable to a grant or denial of temporary injunctive relief are discussed in Oscar Ewing, Inc. v. Melton, Ky., 309 S.W.2d 760 (1958), and in Clay's Kentucky Practice, CR 65.04, Comment 3. See also Jaffe, Judicial Control of Administrative Action, p. 687 et seq., mentioning additional factors such as the balancing of public and private interests and the likelihood, vel non, that the applicant will prevail on the merits. Though "irreparable injury" is the time-honored handle it is not easy to grip. "The Supreme Court has often assumed without discussion that enforcement of regulations may be enjoined whenever a violator is subject to criminal penalty, without any special showing of imminence of irreparable injury or of threat of enforcement." Davis, Administrative Law Treatise, § 21.06 (Vol. 3, p. 150). We are inclined to the same view. The appellants are the ones who seek to maintain the status quo, and there is no emergency situation by reason of which the public interest is likely to suffer from a stay of enforcement pending disposition of this litigation in the trial court. Though we express no opinion as to the prospect that appellants may succeed on the merits,[4] nevertheless we are of the opinion

---

2. Cf. KRS 211.990(2).

3. As a matter of fact, the decided case law on the subject, state and federal, gives the appearance of an impenetrable jungle.

4. Cf. City of Louisville v. Thompson, Ky., 339 S.W.2d 869 (1960).

that they are entitled to injunctive relief pending the effort.

The judgment is reversed and the cause remanded for further proceedings consistent with this opinion.

All concur.