**NATURAL RESOURCES AND ENVIRONMENTAL PROTECTION CABINET, Appellant,**

v.

**CRICKET COAL COMPANY, INC.; Elwood Johnson, and Brownlow Johnson, Appellees.**

No. 88–SC–000866–DG.

Supreme Court of Kentucky.

Oct. 19, 1989.

Rehearing Denied Dec. 21, 1989.

Brenda G. Lowe, Dept. of Law, Natural Resources and Environmental Protection Cabinet, Frankfort, for appellant.

Del Kerwyn Martin, Hindman, for appellees.

VANCE, Justice.

A notice of noncompliance was issued to the appellees pursuant to K.R.S. 350.130 and the administrative regulations promulgated thereunder. The notice was coupled with an order demanding correction of the violations listed in the notice. The notice was served by mail as is provided by statute.

When the violations listed were not corrected within the time specified, a notice of preliminary hearing was forwarded to the appellees by registered mail to the addresses furnished by appellees in their application for a permit. These registered letters were returned to the Cabinet marked "un-claimed" by appellee Cricket Coal Company and "refused" by the appellees Elwood Johnson and Brownlow Johnson. The Johnsons are officers of the corporation.

None of the appellees appeared at the preliminary hearing. The hearing officer allowed proof of service of the notices of the preliminary hearing and then declared that the failure of the appellees to appear constituted a waiver of their right to a preliminary hearing and was an admission of the violations set forth in the notice of noncompliance.

405 K.A.R. 7:090(4)(7)(b), in effect at the time this case was heard, provided:

"If a person to whom a notice or order was issued fails without good cause to attend the scheduled preliminary hearing or to comply with subsection (6) of this section, he or she shall be deemed to have waived all rights to contest the fact of the violation or the proposed penalty, and the cabinet shall enter a final order containing the findings set forth in subsection (10) of this section."

The report of the hearing officer at the preliminary hearing was signed and was mailed to the appellees. 405 K.A.R. 7:090(4)(10) provides that the failure to request a formal hearing within 30 days after the mailing of the hearing officer's determination shall be considered an admission of the fact of the violation and acceptance of the proposed penalty assessed. The appellees did not request a formal hearing. A final order was then entered assessing a penalty against the appellees.

Pursuant to K.R.S. 350.032(2) appellees sought review of that final order in the Franklin Circuit Court. The judgment of the Franklin Circuit Court upheld the order.

The Court of Appeals then reversed the order upon the ground that the hearing officer did not hear evidence concerning the alleged violations and did not hear evidence regarding the assessment of the penalty.

The Court of Appeals relied upon language of K.R.S. 350.032(2) which provides in part that "the findings of the Cabinet as to the facts, if supported by substantial

evidence, are conclusive." The Court of Appeals held that there was no substantial evidence introduced at the preliminary hearing to support the finding of any violation or the assessment of any penalty.

The portion of K.R.S. 350.032(2) quoted above is preceded by the following sentence.

"No objection to the order may be considered by the court unless it was urged before the Cabinet or there were reasonable grounds for failure to do so."

The appellees did not urge before the Cabinet a contention that the evidence failed to support the violations listed in the notice of noncompliance. Likewise, there were no reasonable grounds for the failure of the appellees to present this argument to the Cabinet if they desired to rely upon it. They simply ignored the proceedings before the Cabinet.

Appellee Cricket Coal Company did not claim, and the appellees Johnsons refused to accept, a notice of the hearing mailed to them by registered mail. They did not appear at the preliminary hearing, and they did not request a formal hearing. The regulations of the Cabinet, the validity of which have not been challenged, clearly provide for entry of a default order in cases such as this. The failure to appear at the preliminary hearing and the failure to request a formal hearing are deemed to be an admission of the violations charged and an acceptance of the proposed penalty. The admission of these violations and the acceptance of the proposed penalty rendered it completely unnecessary for the Cabinet to introduce evidence concerning either the violations or the penalty.

The provision of K.R.S. 350.032(2) that the findings of the Cabinet as to the facts, if supported by substantial evidence, are conclusive is applicable only to contested proceedings where evidence is heard and findings of fact are made. It has no application whatever to a default situation, where under the regulations, the violations are deemed to be admitted and no evidence is required to prove them.

The decision of the Court of Appeals is reversed, and the judgment of the Franklin Circuit Court which upheld the final order of the Cabinet is reinstated.

All concur except COMBS, J., who did not participate in this case.