James D. FRANKLIN, Movant,

v.

NATURAL RESOURCES AND ENVI-RONMENTAL PROTECTION CABI-NET, COMMONWEALTH of KEN-TUCKY, Respondent.

and

Ray M. MAIDEN, Appellant,

v.

COMMONWEALTH of Kentucky, NATU-RAL RESOURCES AND ENVIRON-MENTAL PROTECTION CABINET, Appellee.

NATURAL RESOURCES AND ENVI-RONMENTAL PROTECTION CABI-NET, COMMONWEALTH OF KEN-TUCKY, Movant,

v.

Charlotte FALLAHI (now McLemore), Respondent.

and

NATURAL RESOURCES AND ENVI-RONMENTAL PROTECTION CABI-NET and Carl H. Bradley, Secretary of Natural Resources and Environmental Cabinet, Appellants,

v.

John P. KING and Kip Elkins, d/b/a K & K Coal Company, Appellees.

Nos. 89–SC–303–DG, 89–SC–583–TG, 89–SC–442–DG and 89–SC–466–TG.

Supreme Court of Kentucky.

Sept. 6, 1990.

Rehearing Denied Dec. 27, 1990.

Steve P. Robey, Providence, for movant, James D. Franklin.

Brenda G. Lowe, Dept. of Law, Natural Resources and Environmental Protection

Cabinet, Frankfort, for respondent, Natural Resources and Environmental Protection Cabinet, Com. of Kentucky.

David O. Smith, Marcia A. Smith, Corbin, for appellant, Ray Maiden.

J. Alec Mackenzie, Office of General Counsel, Frankfort, for appellee, Natural Resources and Environmental Protection Cabinet, Com. of Kentucky.

Brenda G. Lowe, Elizabeth R. Short, Dept. of Law, Natural Resources and Environmental Protection Cabinet, Frankfort, for movant, Natural Resources and Environmental Protection Cabinet, Com. of Kentucky.

Stephan Charles, Manchester, for respondent, Charlotte Fallahi (Now McLemore).

James L. Dickinson, Atty. Chief, Brenda G. Lowe, Dept. of Law, Frankfort, for appellants, Natural Resources and Environmental Protection Cabinet, et al.

Rudy Yessin, Roland P. Merkel, Frankfort, for appellees, John P. King, An Individual, and Kip Elkins, An Individual, d/b/a K & K Coal Co., A Partnership.

Philip D. McKenzie, P.S.C., Grayson, Thomas D. Heekin, Robert A. Winter, Jr., Taft, Stettinius & Hollister, Ft. Wright, for amicus curiae, Coal Corp. of America, Inc.

GANT, Justice.

These four cases involve the strip mining statutes and regulations of the Commonwealth of Kentucky. The court considered these cases together, and oral arguments were heard on the same day because each of the cases is concerned with a regulation of the Natural Resources and Environmental Protection Cabinet of the Commonwealth of Kentucky—viz., 405 KAR 7:090(4), and Chapters 350 and 224 of the Kentucky Revised Statutes. Also, as will appear later herein, each case is concerned with the Kentucky and United States constitutions.

The pertinent regulations provide that, after a "Notice of Non–Compliance and Order for Remedial Measures" is issued, a preliminary hearing will be held. This hearing, by design, is an informal hearing, at which no records are kept; and thus the findings of the hearing officer are not appealable on the record. If fines and penalties are imposed by the hearing officer, the sole remedy for the companies is to request a formal hearing within 30 days. This request *must be accompanied* by a payment into escrow of all sums assessed for the non-compliance and for violation of the cessation order, should said order be issued.

Of these four cases, John P. King and Kip Elkins, d/b/a K & K Coal Company, and James D. Franklin applied for a formal hearing, but their applications were not accompanied by the required payment of the assessed penalties. The other two mining companies—Ray Maiden and Charlotte Fallahi (now McLemore)—did not file application for formal hearing, as neither party had sufficient funds to pay the assessed penalty levied by the preliminary hearing officer. The first two cases mentioned above come before us on direct appeal, while the latter two constitute an attack initiated as a defense to an action by the Cabinet to collect the penalties assessed.

In actuality, the four cases are so similar that their separation on grounds of exhaustion of administrative remedy is a fiction. An application for formal hearing, according to 405 KAR 7:090(4), which is not accompanied by the mandated payment of the assessed penalties into escrow is, in fact, a nullity.

In these cases, the Cabinet utilized failure to exhaust administrative remedy as a defense, but we feel that this should not be considered as a defense. It has been well set out in *Harrison's Sanitarium, Inc. v. Commonwealth, Department of Health*, Ky., 417 S.W.2d 137 (1967), that a party may have direct judicial relief without exhaustion of administrative remedies when there are no disputed factual questions to be resolved and the issue is confined to the validity or application of a statute or ordinance, or administrative regulation properly adopted which has the full effect of law and required to be enforced. *Supra*, p. 138.

In these four cases, three basic grounds are urged for holding that the procedure

required pursuant to 405 KAR 7:090(4), *et seq.*, is invalid and void.

First, it is contended that the statutes by which the regulation purports to have been enacted—viz., KRS 224.033, 350.020, 350.028, 350.225, 350.465, and 350.610 —do not mention nor do they authorize prepayment of penalties as a condition precedent to a formal hearing. We agree.

KRS 350.028(2) provides that the Cabinet has the power to conduct hearings under Chapter 224, which, in turn, provides in KRS 224.081 and KRS 224.083 that, whenever the Cabinet has reason to believe that a violation has occurred, it shall serve a written notice upon the violator and hold a hearing thereon. The statutes state that the hearing shall be one at which the party may be represented by counsel, may make oral or written arguments, offer testimony, cross-examine, issue subpoenas, etc. Of additional note is that KRS 224.083 provides that a record shall be kept of such hearing and made available. Under the regulation herein, the preliminary hearing does not follow the statute and the only way in which a formal hearing may be obtained is by the prepayment of the penalties and fines, which procedure is not mentioned or authorized by the statute.

KRS 350.028(4) provides that the Cabinet has the power to issue an order imposing civil penalties for violations after an opportunity for hearing, but again makes no reference to prepayment of these penalties as a prerequisite to obtain a proper hearing.

KRS 13A.120(1)(i) prohibits an administrative agency from promulgating administrative regulations which modify or vitiate a statute or its intent. It is our holding that the prepayment requirement of 405 KAR 7:090(4) to obtain a formal hearing as prescribed by the statutes above referred to is a clear violation of this caveat and modifies and vitiates the statute, rendering the regulation "null, void and unenforceable" as set out in KRS 13A.120(2).

The second argument running through these cases also finds roots in KRS 13A.120(1), which provides that when regulations are required by federal law, they shall be no more stringent than the federal law or regulations. These statutes and the attendant regulations grew out of the Federal Surface Mining Control and Reclamation Act of 1977, 30 U.S.C. § 1201, *et seq.* Pursuant to that Act, Kentucky adopted KRS 350.010, *et seq.*, (the surface mining act), and the regulations in 405 KAR. However, the federal act and its regulations provide for a parallel procedure by which the accused strip miner is provided a formal hearing, with a full record, rights of examination, cross-examination, subpoenas, etc. From this full hearing there is an appeal to an Administrative Law Judge and ultimately to the federal court system.

By not providing a similar proceeding, the Kentucky regulations *are* more stringent than the federal law and regulations, and this is also in violation of KRS 13A.120(1), making 405 KAR 7:090(4), which provides for hearing only upon prepayment, "null, void and unenforceable."

The third argument in these cases is the constitutionality of the regulation. We are aware of the line of cases which holds that "When the constitutionality of a statute is challenged, the Court should try not to destroy it but to construe it, if consistent with the will of the legislature, so as to comport with constitutional limitations." *See United States Civil Service Commission v. National Association of Letter Carriers*, 413 U.S. 548, 571, 93 S.Ct. 2880, 2893, 37 L.Ed.2d 796 (1973). However, in the instant cases, we are concerned with a regulation, not a statute, which regulation is on its face inconsistent with the legislative intent. As pointed out in *Harrison's Sanitarium, Inc. v. Dept. of Health, supra,* the regulations properly adopted and filed have the full effect of the law and must be enforced. In these cases before us, we have no disputed facts, but a total legal issue. We feel that, because of the myriad of cases subject to strip mine regulation, and because we are not creating any conflict between the legislative and judicial branches by so interpreting, this regulation which denies the due process hearing to an aggrieved party based solely on his financial inability to pay the penalties which he

seeks to appeal is unconstitutional, in violation of the equal protection clauses of both the United States and Kentucky constitutions.

 Thus, it is our holding that that portion of 405 KAR 7:090(4) which requires prepayment of fines and penalties before a formal appeal may be perfected is contrary to Kentucky law and more stringent than the federal law, thereby rendering it null, void and unenforceable. We further hold that it is unconstitutional.

All concur except WINTERSHEIMER, J., who dissents and files a dissenting opinion.

WINTERSHEIMER, Justice, dissenting.

I respectfully dissent from the principles enunciated in the majority opinion because I believe that the prepayment provision meets constitutional requirements and is authorized by statute. It encompasses a reasonable regulation and comes only after a full, albeit informal, hearing before the administrative agency. The issue common to all of the appeals is the prepayment requirement.

One of the principal problems presented by these cases is the question of nomenclature and the proper labeling of the procedures in question. The basic system for adjudicating alleged violations of surface mining law pursuant to K.R.S. 350.130 provides that the operator or permitee is cited for the violation by the issuance of a notice of noncompliance and order for remedial measures and/or a cessation order. This gives the defendant notice of violations and directs remedial measures. Thereafter, pursuant to 405 KAR 7:095, civil penalties are assessed by the agency. At the time of this action after a penalty has been assessed and the defendant notified of the amount, a preliminary hearing was automatically set for 405 KAR 7:090 § 4. This public fact finding hearing has been called informal although it is adversarial and there is no requirement of prepayment of any penalty before this hearing is held. 405 KAR 7:090 § 4(4)(a). A hearing officer, who is a local private attorney, conducts the hearing which has as its purpose

to provide a due process review of the citation of the violation and to encourage settlement. A transcript is not made of this hearing. Thereafter, a preliminary determination which consists of written findings made by the hearing officer is issued. After the hearing officer issues the preliminary determination, the defendant has the right to request a second, de novo formal hearing pursuant to 405 KAR 7:090 § 4(9). A request for a formal hearing must be accompanied by the payment of an amount equal to the proposed penalty. In this case, the appellant failed to prepay the amount and thus did not receive what is called the formal second hearing.

K.R.S. 350.028 establishes a procedure involving a two-tiered procedure. K.R.S. 350.465(3)(i) permits the agency to require prepayment of the assessed civil penalty prior to a contest on the amount of the assessment. The appellant argues that he is entitled to the second hearing prior to a contest on the fact of the violation and that he is not given one under the regulatory system. The preliminary hearing, although informal, does provide full due process and an opportunity to contest both the fact of the violation and the amount of the assessment. The regulation conflicts with the statute and that neither are unconstitutional. The preliminary hearing is an opportunity to dispute both the amount of the assessment and the claim of violation. It is held prior to any requirement of payment. The administrative defendants receive full due process and the regulation does not exceed the authority of the statute. K.R.S. 350.465(3)(i).

405 KAR 7:090 § 4 ¶ 4 provides that the operator does not have to pay the proposed amount into an escrow account prior to the preliminary hearing. The preliminary hearing is adjudicatory in nature, counsel is permitted; there is a right to cross-examine the witnesses whether the defendant is represented by counsel or not; there is a written determination of the hearing officer's decision; the defendant has a right to subpoena witnesses and an impartial hearing officer is provided. All that is absent is the requirement of a transcript. There is

no prohibition of a transcript. The hearing officer does not also investigate charges; his only function is to hear and decide cases.

The primary differences between the formal hearing and the informal hearing is that the agency does not record the preliminary hearing and discovery is not permitted before the preliminary hearing. Neither of these provisions is necessary to satisfy due process. An extended discussion of due process and discovery is undertaken by the Connecticut Supreme Court in *Pet v. Dept. of Health Services, et al.*, 207 Conn. 346, 542 A.2d 672 (1988).

The fact that no transcript is made by the Cabinet does not render the first hearing constitutionally invalid. *Cf. Mathews v. Eldridge*, 424 U.S. 319, 96 S.Ct. 893, 47 L.Ed.2d 18 (1976); *Jaksa v. Regents of the University of Michigan*, 597 F.Supp. 1245 (E.D.Mich.1984).

Clearly, the hearing provided prior to the payment of the penalty must satisfy due process pursuant to *Goldberg v. Kelly*, 397 U.S. 254, 90 S.Ct. 1011, 25 L.Ed.2d 287 (1970). The fundamental requirement of due process is the opportunity to be heard at a meaningful time and in a meaningful manner. Consequently the principle does require adequate notice, detailed reasons for the action and an effective opportunity to defend by confronting adverse witnesses and presenting evidence and argument. It also involves the right to confront and cross-examine and the right to counsel. In addition, the decision maker should state the reasons for the determination and indicate the evidence relied on although the statement need not be a full opinion. *Goldberg, supra.* The preliminary hearing outlined by the statute and the regulation meets all the requirements of federal law and satisfies due process.

Under the Kentucky system, the defendant receives a full adversarial hearing prior to the requirement for any payment. If the defendant obtains a second formal de novo hearing, he could receive a return of the funds. The government has a legitimate interest in avoiding frivolous appeals and seeing to it that the penalties are paid.

Balancing the two interests, the prepayment provision satisfies due process. The claim of indigency is unconvincing if you consider the first hearing to be a full and complete proceeding. The inability to prepay does not violate the equal protection clause of the federal constitution. *See United States v. Thompson Bros. Coal, Inc.*, 532 F.Sup. 979 (W.D.Pa.1982). In at least one of these cases, it is not clear that the defendant even qualifies as an indigent person. The procedure used by the agency satisfies the Kentucky constitutional requirements.

The provision for an "informal" hearing would have no meaning if it did not provide a full opportunity to contest the issues raised by the agency. In view of the majority opinion, the agency should review its procedures in regard to the names given to the various types of hearing and issue appropriate regulations. The fact that the second hearing is de novo, of course raises problems with the necessity of any first hearing.

Under the circumstances presented in these cases, I do not believe that either the statute or the regulation is unconstitutional.