Larry R. GRIFFIE, Appellant,

v.

NATURAL RESOURCES AND ENVIRONMENTAL PROTECTION CABINET, Appellee.

and

Paul DANIEL, d/b/a David Energies, Appellant,

v.

COMMONWEALTH of Kentucky, NATURAL RESOURCES and ENVIRONMENTAL PROTECTION CABINET, Appellee.

Nos. 89–CA–418–MR, 89–CA–1032–MR.

Court of Appeals of Kentucky.

Aug. 9, 1991.

Discretionary Review Dismissed by Supreme Court Nov. 12, 1991.

Christopher M. Hill, McBrayer, McGinnis, Leslie and Kirkland, Frankfort, George K. Wells, Paintsville, for appellant.

Rosemary F. Center, Pam Clay, Anne Bevier Alderman, J. Alec Mackenzie, D. Irene Hoskins, Natural Resources and Environmental Protection Cabinet, Frankfort, for appellee.

Before DYCHE, HAYES and STUMBO, JJ.

HAYES, Judge:

These two appeals were orally argued to this Court on the same date. Because they share a factual similarity which is dispositive, we render one consolidated opinion.

Both cases were abated by this Court pending the Kentucky Supreme Court's ruling in *Franklin v. Natural Resources and Environmental Protection Cabinet, Commonwealth of Kentucky*, Ky., 799 S.W.2d 1 (1990). After *Franklin* was rendered, the cases were reactivated, and all parties were invited to file supple-

mental briefs assessing the impact, if any, of *Franklin* on their case. After review of all the briefs, and the facts surrounding these cases, we conclude that *Franklin* has no application.

Both Griffie and Daniel were cited by the cabinet for violations of certain strip-mining regulations. Despite proper notification,[1] neither attended their scheduled hearings. Thus, these cases are controlled not by *Franklin*, but by *Natural Resources and Environmental Protection Cabinet v. Cricket Coal Company, Inc., Ky.,* 780 S.W.2d 609 (1989). The operators in *Cricket* were properly issued notice of a preliminary hearing, but failed to attend. Thereafter, the cabinet issued a judgment finding them guilty of the violation alleged, and imposing a fine. An appeal to Franklin Circuit Court was later taken, at which time the operators sought to take issue with the cabinet's findings concerning both the violation itself and the amount of the fine levied. The Court of Appeals reversed the Franklin Circuit Court's affirmance on the ground that the cabinet had made no factual findings concerning the violation or fine. The Kentucky Supreme Court reversed the Court of Appeals, pointing out that 405 KAR 7:090(4)(7)(b) provides that whoever failed "without good cause to attend the scheduled preliminary hearing ... shall be deemed to have waived all rights to contest the fact of the violation or the proposed penalty." Further, KRS 350.032 states that, on appeal to circuit court, no objection to the cabinet's order can be raised which was not previously urged to the cabinet.

Griffie and Daniel would have us believe that all cases where the cabinet failed, for whatever reason, to hold a formal hearing, were somehow rendered void by virtue of *Franklin.* Appellants are reading too much into *Franklin,* which invalidated only so much of the cabinet's regulatory scheme as required prepayment of fines as a prerequisite to the granting of a formal hearing. Significantly, the Supreme Court did not see fit to overrule or even discuss

*Cricket,* nor did it consider or discuss the regulations concerning attendance at informal hearings. Thus, we must conclude that the Supreme Court intended to maintain the viability of its holding in *Cricket.*

We confess to finding this conclusion somewhat illogical. It makes little sense to prohibit an alleged violator who failed to attend an informal, untranscribed, unappealable, hearing, from taking any further issue with the ultimate ruling against him, particularly where the next step, a formal hearing, is, by regulation,[2] a de novo proceeding. Because *Franklin* has, by its holding, opened the door of access to a formal hearing on behalf of all aggrieved litigants, we have grave doubts as to the further necessity or usefulness of informal hearings. However, until such time as the regulations concerning informal hearing, including the consequences for failure to appear, are modified or removed by the legislature or the courts, we are, of course, bound by the Supreme Court's pronouncement in *Cricket.*

■ Both Griffie and Daniel attack the cabinet's service of notice of preliminary hearing upon them. In each case, the notices, sent by certified mail, were returned marked "unclaimed." However, 405 KAR 7:090(6)(3) makes such service acceptable for purposes of notice. Moreover, such service has been recently validated by this Court. *Bingham v. Commonwealth,* Ky. App., 766 S.W.2d 77 (1989).

The Kentucky Supreme Court's holding in *Cricket* requires affirmance in both of these cases.

All concur.

■

---

1. *Griffie and Daniel complain that notice was improper. We discuss and resolve this issue later in this opinion.*

2. 405 KAR 7:090(4)(7)(b).