## IN THE COURT OF APPEALS OF TENNESSEE, WESTERN SECTION
## AT NASHVILLE

_____

|  |  |  |
|---|---|---|
| THE METROPOLITAN GOVERNMENT OF NASHVILLE AND DAVIDSON COUNTY, | ) ) ) ) | Davidson County Chancery Court Rule No. 92-3809-III |
| Plaintiff/Appellee. | ) ) | |
| VS. | ) ) | App. No. 01A01-9504-CH-00142 |
| NASHVILLE PARK HOSPITALITY, INC., et al | ) ) ) ) | |
| Defendants/Appellants. | ) ) | |

**FILED**

**Oct. 4, 1995**

Cecil Crowson, Jr.
**Appellate Court Clerk**

From the Chancery Court of Davidson County at Nashville.
**Honorable Robert S. Brandt, Chancellor**

**Joel H. Moseley**,
MOSELEY & MOSELEY, Nashville, Tennessee
Attorney for Defendants/Appellants.


**John L. Murphy, III**, Nashville, Tennessee
**John L. Kennedy**, Nashville, Tennessee
Attorney for Plaintiff/Appellee.

OPINION FILED:

**REVERSED IN PART, AFFIRMED IN PART AND REMANDED**


**FARMER, J.**


**CRAWFORD, J.** : (Concurs)

**KOCH, J.** : (Concurs)

Appellant, Nashville Park Hospitality, Inc. ("Nashville Park"), is the owner of the Budget Lodge, a motel in Nashville consisting of three separate buildings identified as the 100, 200 and 300 Buildings. Ninety-six suites compose the 100 and 300 Buildings, with 92 available to the public and rented on a weekly basis. The 200 Building consists of standard motel rooms which are rented nightly. Appellee, the Metropolitan Government of Nashville and Davidson County ("Metropolitan Government"), filed suit seeking to enjoin Nashville Park from operating the Budget Lodge in violation of the Hotel, Food, Service Establishment and Public Swimming Pool Inspection Act of 1985, T.C.A. § 68-14-301 et. seq. ("Act").[1] After a hearing, the trial court granted Metropolitan Government's application for a permanent injunction, enjoining Nashville Park from operating Budget Lodge in violation of the Act. The court, however, refused to entertain the issue of whether the Act applied to the suites rented weekly,[2] citing Nashville Park's failure to first exhaust its administrative remedies. Nashville Park has appealed, challenging that determination by the chancellor. For reasons to be discussed, we reverse that portion of the judgment holding the trial court without jurisdiction to decide the issue prior to an exhaustion of the administrative process.

This lawsuit was filed after various inspections by the Metropolitan Board of Health revealed Budget Lodge's failure to comply with certain minimum standards imposed under the Act. The inspections were conducted pursuant to Metropolitan Government's contract with the Tennessee Department of Health authorizing the former to inspect hotels/motels to ensure compliance with the Act and the regulations promulgated thereunder the Act. Metropolitan Government did not issue an operating permit to Budget Lodge for the year beginning July 1, 1992 and notified Nashville Park to cease operations initially in August and then in December of 1992. Metropolitan Government alleged that as of the date suit was filed, December 22, 1992, Nashville Park was operating without a valid permit.

In granting the injunction, the trial court found Nashville Park in noncompliance with

---

[1]Alleged violations included sewage in guest rooms, insect infestation, unlabeled toxic chemicals and missing fire extinguishers and smoke detectors.

[2]The parties stipulated that the 200 Building is subject to inspection under the Act's provisions and agreed that the non-comporting units in that building would be brought into compliance by dates specified. The parties' "Stipulation and Agreement" was incorporated into the final judgment.

the Act. The chancellor, however, felt the issue regarding the Act's applicability to the weekly rented suites "best decided by the entity to which the General Assembly has given the inspecting and permitting responsibility. It is . . . the Health Department of the Metropolitan Government, that has the expertise to decide this issue."

The sole issue on appeal is whether the trial court erred in refusing to consider the Act's applicability to the 100 and 300 Buildings. It is Nashville Park's position that the issue was properly before the trial court. Metropolitan Government asserts that it is best addressed by the administrative agencies responsible for promulgating health and safety regulations. Both parties agree that a resolution of the issue requires an interpretation of the language in T.C.A. § 68-14-302(5), which states:

> "Hotel" means any building or establishment kept, used, or maintained as, or advertised as, or offered to the public to be, a place where sleeping accommodations are furnished for pay to *transients or travelers*, whether or not meals are served therein to *transients or travelers*; (emphasis added).

Nashville Park asserts that the suites in the 100 and 300 Buildings do not accommodate "transients or travelers," but the "working poor," thus they are not subject to regulation under the Act. Indeed, the trial court found that these two buildings were rented on a weekly basis to the working poor - "people who do not have funds to pay a month's rent on an apartment." The trial court also found that these individuals typically stay in the suites for approximately 6 months.

It is undisputed that Nashville Park has not exhausted the administrative process. In *Reeves v. Olsen*, 691 S.W.2d 527 (Tenn. 1985), the Tennessee Supreme Court held that "[e]xcept when required by statute, exhaustion of administrative remedies is not an inexorable command, but is a matter of sound judicial discretion." *Reeves*, 691 S.W.2d at 530 (quoting *Cerro Metal Products v. Marshall*, 620 F.2d 964, 970 (3d Cir. 1980)). The pertinent statute here is T.C.A. § 68-14-310, which provides as follows:

> (a) The hearings provided for in this part shall be conducted by the commissioner in accordance with the Uniform Administrative Procedures Act, compiled in title 4, chapter 5.

(b) Appeals from any final decision after a hearing shall be pursued in accordance with the Uniform Administrative Procedures Act, compiled in title 4, chapter 5.

(c) Subsections (a) and (b) do not apply in a county whose health department is operating a program under § 68-14-303(7)[3] which meets the minimum requirements of due process; provided, that appeals from final decisions made under such programs *may* be made to the commissioner, for the limited purpose of determining whether a material error of law was made at the county level. (Emphasis added.)

Metropolitan Government contends that Nashville Park is obligated to pursue its administrative remedies before seeking judicial intervention. We note the use of the word "may" in subsection (c). "[T]he word 'may' in a statute ordinarily connotes discretion or permission." ***Johnson v. Alcoholic Beverage Comm'n***, 844 S.W.2d 182, 185 (Tenn. App. 1992). We conclude that the foregoing language does not evidence a legislative intent to proscribe one's pursuit of judicial relief until exhaustion of the administrative process.

Absent a direct statutory mandate, we find exhaustion of the administrative process under these facts unnecessary.

The rule that administrative remedies must be exhausted before resort is had to the courts is not absolute and without exceptions. . . .

. . . . A failure to exhaust administrative remedies may be justified when the only or controlling question is one of law, at least where there is no issue essentially administrative, involving agency expertise and discretion, which is in its nature peculiarly administrative, where the issue is one of the validity or construction or interpretation of rules and regulations.

. . . . A litigant need not proceed with optional administrative process before seeking judicial relief.

73 C.J.S. *Public Administrative Law and Procedure* § 40 (1983).

In this matter, Nashville Park challenges the application for injunction based upon

---

[3]**Duties of commissioner.** -- The commissioner is authorized to: . . . .

(7) Enter into an agreement or contract with county health departments whereby the departments would implement the provisions of this part or its equivalent in their respective areas of jurisdiction if the commissioner deems it to be appropriate;

its position that the Act does not seek to regulate certain suites within the Budget Lodge. Proper resolution depends solely upon interpretation of the pertinent provisions of the Act. This is not something within the confines of agency expertise and a deferral thereto is not warranted. We adhere to the reasoning expressed by the Kentucky Court of Appeals in *Harrison's Sanitarium, Inc. v. Commonwealth,* 417 S.W.2d 137 (Ky. 1967), in recognizing that "a party may have direct judicial relief without exhaustion of administrative remedies when there are no disputed factual questions to be resolved and the issue is confined to the validity or *applicability of a statute* or ordinance." *Harrison's Sanitarium*, 417 S.W.2d at 138 (emphasis added).

Accordingly, this cause is remanded to the trial court with instructions to determine the Act's applicability to the suites encompassing the 100 and 300 Buildings. To this extent, the judgment is reversed; it is, in all other respects, affirmed. Costs are taxed one-half to the Metropolitan Government of Nashville and Davidson County and one-half to Nashville Park Hospitality, Inc., for which execution may issue if necessary.

_____
FARMER, J.

_____
CRAWFORD, J. (Concurs)

_____
KOCH, J. (Concurs)