**COMMONWEALTH of Kentucky,**
**Appellant,**

v.

**DLX, INC., Appellee.**

No. 1999–SC–0756–DG.

Supreme Court of Kentucky.

April 26, 2001.

Todd E. Leatherman, James J. Grawe, Office of the Attorney General, S. Bradford Smock, David J. Obradovich, Natural Resources & Environmental Protection Cabinet, Office of Legal Services, Frankfort, Counsel for Appellant.

D. Duane Cook, Stamping Ground, Counsel for Appellee.

JOHNSTONE, Justice.

DLX, Inc., filed suit in the Franklin Circuit Court claiming that the Natural

Resources and Environmental Protection Cabinet ("Cabinet") had taken its property without compensation in violation of Section 242 of the Kentucky Constitution. The trial court granted the Cabinet's motion for judgment on the pleadings on grounds that the case was not ripe for judicial determination and that DLX failed to exhaust its administrative remedies. The Court of Appeals reversed on these issues. We granted the Cabinet's petition for discretionary review. We conclude that DLX failed to exhaust its administrative remedies and, therefore, reverse the Court of Appeals.

DLX owns the right to mine 2,845.4 underground acres of land, approximately 27.23 surface acres, in Letcher County, Kentucky. DLX has a permit with the Cabinet to mine and extract coal from this acreage. In 1994, DLX sought to amend the permit to mine an additional 168.52 acres of land adjacent to the land covered by the existing permit. This additional land lies under or immediately adjacent to the Lilley Cornett Woods, a national landmark. The Cabinet's Department for Surface Mining Reclamation and Enforcement ("DSM") denied the application. DLX appealed the denial to the full Cabinet and a seven day hearing was held on the matter.

The DSM denied the amendment out of its concern for the protection of the hydrologic system underneath the Lilley Cornett Woods. To protect the hydrologic system, the Cabinet's engineers suggested a vertical barrier within which it would not be permissible to mine. The engineers reasoned that a vertical barrier would protect the "stress relief-fracture system," which is the primary source of groundwater movement in eastern Kentucky. In turn, this would ensure that groundwater would adequately flow through the Woods and no damaging erosion would result from the mining operation.

DLX submitted five proposals for the amendment to address the DSM's erosion concerns. The first three proposals were rejected by the Cabinet. The third proposal was rejected because the vertical limit of 110 feet proposed by DLX did not provide adequate protection for the Woods. DLX's fourth proposal contained a 250 feet barrier restriction. The Cabinet was prepared to agree to this barrier because it provided sufficient protection for the Woods. However, prior to the Cabinet's formal acceptance of the proposal, DLX withdrew it and submitted a fifth proposal. This proposal indicated that the Cabinet must accept the third proposal's 110 feet vertical limit or reject the amendment altogether. Citing protection of the Lilley Cornett Woods, the hearing officer recommended rejecting the amendment. The Secretary affirmed and adopted the recommendation. The matter became final on November 3, 1995.

DLX did not appeal the Secretary's final order. Instead, DLX filed suit against the Cabinet in the Franklin Circuit Court for taking its property without just compensation in violation of Section 242 of the Kentucky Constitution. The trial court found that DLX's claim was not ripe for judicial determination and that DLX had failed to exhaust its available remedies. On these grounds, the trial court granted the Cabinet's motion for a judgment on the pleadings. Reversing, the Court of Appeals concluded that DLX's claim was ripe for judicial determination and that it did not have to exhaust its administrative remedies before seeking judicial relief.

■ As a general rule, exhaustion of administrative remedies is a jurisdictional prerequisite to seeking judicial relief. *Goodwin v. City of Louisville*, 309 Ky. 11, 215 S.W.2d 557, 559 (1948). While there are exceptions to the general rule, none of them apply to the case at bar.

In its complaint, DLX alleged in part that: (1) the "Cabinet had no legal authority to treat mining under the Lilley Cornett Woods any differently than mining under forested watersheds;" (2) the Secretary's denial of the amendment was "arbitrary and capricious;" and (3) DLX produced substantial evidence that the proposed mining operation would not harm the surface of the property and that the Cabinet failed to produce evidence to the contrary. The trial court noted that these allegations were "more appropriately pled in an administrative appeal." Indeed, DLX had the right to appeal the Secretary's order. KRS 305.0305. The trial court specifically found that "it certainly is not clear that such an appeal would amount to an 'exercise in futility' . . . ." This finding is important because one of the exceptions to the exhaustion of remedies requirement is that a party is not required to exhaust its administrative remedies when to do so would be an exercise in futility. *See Harrison's Sanitarium v. Commonwealth, Department of Health,* Ky., 417 S.W.2d 137, 139 (1967).

The Court of Appeals concluded that DLX did not have to exhaust its administrative remedies because its taking claim involved a constitutional issue, which the Cabinet successfully precluded from being raised at the administrative level. It reasoned that it would be futile for DLX to appeal an issue, *i.e.,* unlawful taking under the Kentucky Constitution, that it was unable to raise at the administrative level. This reasoning fails to distinguish between facial and as-applied constitutional challenges.

■ Exhaustion of administrative remedies is not necessary when attacking the constitutionality of a statute or a regulation as void on its face. *Goodwin,* 215 S.W.2d at 559. This is because an administrative agency cannot decide constitutional issues. *Id.* Thus, to raise the facial constitutional validity of a statute or regulation at the administrative level would be an exercise in futility. This exception does not apply in the case at bar, however, because DLX has not challenged the facial validity of the surface mining statutes and regulations. Rather, as its complaint shows, DLX's argument is that the Cabinet's application of the statutes and regulations resulted in an unconstitutional taking of its property.

■ When an administrative agency applies a statute unconstitutionally, it acts beyond the bounds of the constitution, rather than passing on a constitutional question. In other words, until a statute has been applied, there can be no unconstitutional application. This is the basis for the rule that one must first show injury as the result of a statutory application, before that application may be attacked as unconstitutional. *See, e.g., Stein v. Kentucky State Tax Commission,* 266 Ky. 469, 99 S.W.2d 443, 445 (1936). Thus, exhaustion of administrative remedies is not futile to an as-applied challenge to a statute. Quite the contrary, it is the administrative action which determines the extent, if any, of the constitutional injury.

The United States Supreme Court addressed this same issue in *Williamson County Regional Planning Commission v. Hamilton Bank,* 473 U.S. 172, 105 S.Ct. 3108, 87 L.Ed.2d 126 (1985). The *Hamilton Bank* Court explained the exhaustion of administrative remedies requirement in taking cases thusly:

> Our reluctance to examine taking claims until such a final decision has been made is compelled by the very nature of the inquiry required by the Just Compensation Clause. Although "the question of what constitutes a 'taking' for purposes of the Fifth Amendment has proved to be a problem of considerable difficulty,"

... the Court consistently has indicated that among the factors of particular significance in the inquiry are the economic impact of the challenged action and the extent to which it interferes with reasonable investment-backed expectations.... Those factors simply cannot be evaluated until the administrative agency has arrived at a final, definitive position regarding how it will apply the regulations at issue to the particular land in question.

*Id.* at 190–91, 105 S.Ct. at 3118–19, 87 L.Ed.2d at 141 (internal citations omitted).

The Court of Appeals erred in holding that making an unconstitutional-as-applied challenge in an administrative proceeding creates an exemption to the exhaustion-of-remedies requirement. Therefore, we reverse the Court of Appeals and hold that DLX's failure to exhaust its administrative remedies by failing to appeal the Secretary's order, deprived the Franklin Circuit Court of subject-matter jurisdiction to hear DLX's takings claim.

COOPER, GRAVES, KELLER, and STUMBO, JJ., concur.

WINTERSHEIMER, J., dissents by separate opinion, with LAMBERT, C.J., joining that dissent.

WINTERSHEIMER, Justice, Dissenting.

I must respectfully dissent from the majority opinion because the claim of DLX was ripe for review as an exception to the exhaustion of administrative remedies doctrine. Here, DLX had no way of initiating or precipitating a challenge except by proceeding in circuit court. When DLX attempted to raise its constitutional taking claims in the administrative proceedings, the motion of the Cabinet to strike the issue from the petition for review was granted. Consequently, DLX was prevented from raising the issue before the Cabinet. DLX did avail itself of the required administrative procedures by seeking the amended permit before the Cabinet and it is now seeking just compensation in court for the taking. *Cf. Harrison's Sanitarium, Inc. v. Commonwealth, Dept. of Health,* Ky., 417 S.W.2d 137 (1967); *Greater Cincinnati Marine Service, Inc. v. City of Ludlow,* Ky., 602 S.W.2d 427 (1980).

Although the Cabinet may have acted within its authority in denying the permit amendment, that does not prevent a finding that the action of the Cabinet did constitute a taking. *See Commonwealth of Kentucky ex rel Dept. for Natural Resources and Environmental Protection v. Stephens,* Ky., 539 S.W.2d 303 (1976). The taking claim involved a constitutional issue and DLX was not permitted to raise the taking question in the administrative proceedings. Accordingly, it could not have raised the issue on appeal of that decision. The appeal of the decision of the Cabinet would have been an exercise in futility regarding the taking claim. *See Harrison's Sanitarium, supra.* Consequently, it was properly raised for the first time in the separate claim before the circuit court. The claim for inverse condemnation is ripe for determination.

I would affirm the decision of the Court of Appeals.

LAMBERT, C.J., joins this dissent.