**COMMONWEALTH of Kentucky, Hon. Lori Flanery, in her official capacity as Secretary of the Finance and Administration Cabinet, Hon. Thomas B. Miller, in his official capacity as Commissioner of the Department of Revenue, Appellants**

v.

**AT & T CORPORATION, Appellee**

2013-SC-000800-DG

Supreme Court of Kentucky.

RENDERED: June 11, 2015

COUNSEL FOR APPELLANTS: Stephen Gerard Dickerson, Laura Marie Ferguson, Frankfort

COUNSEL FOR APPELLEE: Mark Francis Sommer, Jennifer Yue Barber, Louisville

OPINION OF THE COURT BY
JUSTICE CUNNINGHAM

Appellee, AT & T, is a corporation that provides various communication services throughout Kentucky and worldwide. Appellants are the Commonwealth of Kentucky, Finance and Administration Cabinet, et al. (collectively, Cabinet). A corporation that satisfies the requirements provided in KRS 139.505 is entitled to a refundable credit for sales taxes paid under Chapter 139. The Cabinet is charged with making the initial determination to approve or deny the claim. If the claim is denied, the taxpayer may protest that determination within the Cabinet. The taxpayer may then appeal any adverse ruling to the Kentucky Board of Tax Appeals ("KBTA"), and then to the Franklin Circuit Court or to the Circuit Court of the county in which the aggrieved party resides or conducts business. KRS 131.370(1).

In 2004, AT & T filed refund claims with the Cabinet arguing that, under KRS 139.505, AT & T was entitled to refunds for tax years 2002 and 2003. On May 13, 2008, the Cabinet agreed to a partial refund for AT & T's 2002 claim. AT & T received a check for $677,425 for that partial refund. In 2008, AT & T filed refund claims for tax years 2004 through 2008. The total sum claimed for all years is approximately $13,000,000, not including interest.

The Cabinet contends that it initially denied all of AT & T's claims, and that those claims are currently pending before the Cabinet's Division of Protest Resolution. For clarification, these claims include the unpaid portion of the 2002 claim, and the entirety of the claims for 2003 through 2008. The Cabinet states that AT & T has the right to request a formal ruling under KRS 131.110(4), and then appeal that ruling if necessary. However, AT & T asserts that the Cabinet has not formally denied its refund claims. AT & T contends that without a formal denial in the form of a final ruling, it is statutorily precluded from filing an appeal with the KBTA.

The only documents presented to this Court that detail the extent of this administrative quagmire are letters between counsel for AT & T and the Cabinet. These letters are dated from 2005 through 2011. On July 7, 2010, representatives from AT & T and the Cabinet met to discuss the refund claims. It is clear from the appended letters that after this meeting, the Cabinet continued to request additional information and documentation concerning the claims. Although it appears that AT & T attempted to comply with the Department's prior requests, the Cabinet made additional requests for information.

In what AT & T calls a "last resort," it filed a declaration of rights action in the Jefferson Circuit Court in 2011 alleging eight counts. Count one asserted that "the purported Budget Bill 'Amendments' to KRS 139.505 Contravene and Violate Section 51 of the Kentucky Constitution." This is a facial challenge to the constitutionality of these amendments. While the remaining seven counts do not raise facial constitutional challenges, several include unconstitutional as-applied claims.

The Jefferson Circuit Court dismissed the case for failure to exhaust administrative remedies. The court determined that AT & T's administrative and as-applied constitutional challenges must be adjudicated by the KBTA before the court would address AT & T's facial constitutional challenge. The Court of Appeals reversed the trial court and determined that the facial constitutional issue raised by AT & T was one that the KBTA cannot decide, but that the other claims were properly dismissed. The Court of Appeals remanded the case to the trial court to address only the facial constitutional challenge. After reviewing the record and the law, we reverse the decision of the Court of Appeals.

*Analysis*

▮ "Exhaustion of administrative remedies is not necessary when attacking the constitutionality of a statute or a regulation as void on its face. This is because an administrative agency cannot decide constitutional issues." *Commonwealth v. DLX, Inc.*, 42 S.W.3d 624, 626 (Ky.2001) (citing *Goodwin v. City of Louisville*, 309 Ky. 11, 215 S.W.2d 557 (1948)). However, "a party must exhaust administrative remedies prior to seeking judicial review of an as-applied constitutional challenge." *Popplewell's Alligator Dock No. 1, Inc. v. Cabinet*, 133 S.W.3d 456, 472 (Ky.2004) (citing *DLX, Inc.*, 42 S.W.3d at 626).

▮ Here, AT & T challenges the amendments to KRS 139.505. It appears that these amendments decreased the amount of refund credit to which AT & T would have been otherwise entitled if the Cabinet employed the pre-amended version of KRS 139.505. AT & T specifically argues that the 2002–2004 and 2004–2006 Budget Bill amendments violated Section 51 of the Kentucky Constitution which states:

> No law enacted by the General Assembly shall relate to more than one subject, and that shall be expressed in the title, and no law shall be revised, amended, or the provisions thereof extended or conferred by reference to its title only, but so much thereof as is revised, amended, extended or conferred, shall be reenacted and published at length.

The purpose of Section 51 is "to prevent surprise and fraud on the members of the General Assembly and other interested parties, thus precluding the practice of 'log rolling.'" *Grayson County Board of Education v. Casey*, 157 S.W.3d 201, 208 (Ky. 2005).

If the amendments to KRS 139.505 violated Ky. Const. § 51, then they are void. As such, AT & T would be entitled to

refunds for each tax year in which AT & T overpaid yet did not receive a refund as a result of the unconstitutional amendments. As previously noted, the Court of Appeals determined that this is a constitutional issue that the KBTA cannot decide. However, the court did not consider our recent case of *W.B. v. Commonwealth, Cabinet for Health and Family Services*, 388 S.W.3d 108, 112–14 (Ky.2012). That decision is critical to our analysis.

*W.B.* involved an adult individual who was investigated by the Cabinet for Health and Family Services based on allegations of sexual abuse of a minor. *Id.* The accused individual brought a declaratory judgment action seeking a determination that the administrative procedures and findings were unconstitutional. *Id.* We determined that while the individual was not required to exhaust his administrative remedies, the declaratory action was, nevertheless, not ripe for review. *Id.* at 117.

We based our determination on "prudential factors weighing against consideration of the case until the conclusion of the administrative process...." *W.B.*, 388 S.W.3d at 117. Those factors include the following:

(1) the record before us is undeveloped by an actual administrative proceeding providing context to the administrative proceedings thereby hindering our ability to evaluate the administrative process as it works in practice, and deferment will allow development of a full administrative record to facilitate our constitutional review; (2) Appellant may succeed in the administrative process, thereby obviating the need for our consideration of the constitutional issues in the first instance; (3) it is fundamental that constitutional issues should be avoided if possible; (4) deferment would allow the simultaneous examination of a facial challenge to the administrative provisions with an as-applied challenge. *Id.*

While all of these factors arguably weigh in favor of requiring the exhaustion of administrative remedies in the present case, the first factor is dispositive here.

At first blush, there appears to be a clear distinction between *W.B.* and the present case. In *W.B.*, the Appellant argued that the administrative process fell short of the process that was due. Having little or no record of what that process actually entailed, it was necessary to allow the administrative process to continue. A reviewing court would then have a sufficient record upon which to analyze the constitutionality of the contested process.

In contrast, the current case presents a singular facial challenge to KRS 139.505. That claim does not challenge the constitutionality of the administrative process for collecting a tax refund. Thus, the administrative record has no bearing on whether the contested amendments to KRS 139.505 violate Ky. Const. § 51. It would seem that the primary evidence necessary to resolve that issue would be the 2002–2004 and 2004–2006 Budget Bills. Nevertheless, there are several administrative issues that must be resolved prior to addressing the constitutional claim.

For example, the Cabinet contends that AT & T's refund claims for 2004 and 2005 were untimely filed. KRS 134.590(2) ("No state government agency shall authorize a refund unless each taxpayer individually applies for a refund within two (2) years from the date the taxpayer paid the tax."). AT & T does not contest the Department's accusation that these claims were untimely filed. In fact, AT & T specifically acknowledges that its refund claims for 2004 and 2005 were filed in 2008. Accordingly, it appears that these refund claims are time barred. That includes any constitutional challenges relating to those claims.

*St. Ledger v. Commonwealth of Kentucky, Revenue Cabinet,* 942 S.W.2d 893 (Ky. 1997) (where taxes were paid under an unconstitutional statute, only those taxes paid within the two years preceding the filing of an administrative refund application could be recovered). The Cabinet also asserts that AT & T failed to timely protest the denial of the balance of the 2002 refund claim as required by KRS 131.110 and KRS 134.590(2). The Cabinet further contends that a fact issue exits with respect to whether AT & T properly documented its refund applications, and that some of AT & T's refund claims have nothing to do with KRS 139.505.

Compliance with procedural filing requirements is an administrative concern that must be determined by the Cabinet. The Circuit Court cannot make a constitutional finding until these purely administrative issues are resolved. This necessitates formal written findings in accordance with the procedures outlined in KRS 131.110. Of course, the deference afforded these findings is dependent upon their sufficiency.

### Conclusion

For the foregoing reasons, we reverse the Court of Appeals' decision and reinstate the trial court's order of dismissal.

All sitting. All concur.