Basil GRIFFIN, Judge, Warren County, Kentucky et al., Appellants,

v.

The CITY OF BOWLING GREEN, Kentucky et al., Appellees.

Court of Appeals of Kentucky.

Oct. 2, 1970.

Henry J. Potter, Jr., Warren County Atty., Leland Logan, Bowling Green, for appellants.

Whayne C. Priest, Jr., Bowling Green, for appellees.

VANCE, Commissioner.

The issue presented on this appeal is whether or not the question of abandonment of the city manager form of government may be submitted legally to a vote pursuant to KRS 89.680(1) in a case where that form of government has existed in a city for a period of less than four years at the time the petition seeking the submission of the issue to the voters is filed with the county judge.

The city of Bowling Green, Kentucky, a city of the second class, has been organized and governed by the city manager form of government since January 1, 1968.

On September 3, 1970, written petitions containing the signatures of a number of legal voters of the city of Bowling Green in excess of twenty-five percent of the total number of votes cast in that city's last preceding general election was filed with the county judge. The petition sought a submission to the voters of the question of abandonment of the city manager form of government. The county judge ordered the election.

This case was presented to the circuit court for determination upon an agreed statement as provided in KRS 418.020. The circuit court held that such an election would be void and of no effect and therefore that the election could not be held.

The pertinent part of KRS 89.680(1) provides:

"(1) Whenever the citizens of any city *that has been organized and governed under the city manager form of government for a period of not less than four years* desire that the organization and government of the city under the city manager form of government shall terminate, they shall file with the county judge of the county in which the city is located written petitions signed by a number of the legal voters of the city equal to twen-

ty-five percent of the votes cast in the city at the last preceding general election * * *." (Emphasis ours).

■ Where the words used in a statute are clear and unambiguous and express the legislative intent, there is no room for construction and the statute must be accepted as it is written. Fryman v. Electric Steam Radiator Corporation, Ky., 277 S.W.2d 25 (1955). Under the plain and ordinary meaning of the words used in the above statute, the legislature has simply provided that no procedure under KRS 89.680(1) to abandon the city manager form of government can be initiated until the form of government has had a trial of at least four years. No other reasonable meaning can be ascribed to the words used in the statute.

■ Since the petitions in this case were filed with the county judge at a time when the city manager form of government had prevailed less than four years, the order of the county court directing the election was not authorized by law and the judgment of the circuit court prohibiting the election was proper.

The judgment is affirmed.

All concur.