STURGEON MINING COMPANY, INC., Petitioner,

v.

WHYMORE COAL COMPANY, INC., Natural Resources and Environmental Protection Cabinet, Department of Highways of the Transportation Cabinet and Owsley County, Respondents.

No. 94–SC–1016–I.

Supreme Court of Kentucky.

Feb. 16, 1995.

Everett W. Currier, Beattyville, J. Warren Keller, Taylor, Keller & Dunaway, London, Elizabeth R. Short, Rose & Short, Beattyville, for petitioner.

William C. Stambaugh, Farmer and Farmer, London, Mark Alan Posnansky, Dept. of Law, Natural Resources and Environmental Protection Cabinet, Frankfort, for respondents.

SPAIN, Justice.

Sturgeon Mining Company, Inc., petitions this court to reverse an order of interlocutory relief entered by the Court of Appeals pursuant to Rule 65.07.

Briefly, the facts are as follows: As the result of a complaint from the Department of Highways, the Natural Resources and Environmental Protection Cabinet (hereinafter "Natural Resources") issued two Notices of Non–Compliance which cited Sturgeon with violations of 405 KAR 7:040 in its mining operations and required it to perform remedial measures for damage to a state highway and to a county road. An action for a declaration of rights was filed by the petitioner, Sturgeon, in the Owsley Circuit Court. The circuit court issued a temporary injunction enjoining Natural Resources from enforcing these administrative regulations, pertaining to damages caused to roads during mining activities. As mentioned, the Court of Appeals dissolved this temporary injunction upon a Rule 65.07 motion by Natural Resources. The Court of Appeals determined that the trial court abused its discretion in granting the temporary injunction because the required conditions of Rule 65.04 had not been satisfied. The petitioner now seeks review of the Court of Appeals order by this Court.

Upon review of the record and the reasoning in the Court of Appeals' order, this Court affirms. The Owsley Circuit Court held that

the petitioner, Sturgeon, would suffer irreparable harm if Natural Resources were allowed to enforce its regulations because that court believed that Natural Resources does not have the statutory authority to order construction, maintenance or repair of the roads at issue. The circuit court further believed that even if Natural Resources did have this jurisdictional authority, compliance by the petitioner would be legally impossible, since the petitioner was not statutorily authorized to construct public roads. Additionally, the circuit court held that the general rule of exhaustion of administrative remedies was inapplicable in the present case, citing *Harrison's Sanitorium, Inc. v. Commonwealth, Department of Health*, Ky., 417 S.W.2d 137 (1967).

 A three-part test exists in determining whether to issue a temporary injunction. *Maupin v. Stansbury*, Ky., 575 S.W.2d 695, 699 (1978). The first prerequisite, mandatory under Rule 65.04, is a showing of irreparable injury. As discussed below, the availability of a further administrative remedy negates such a claim of irreparable injury. Secondly, the trial court must weigh the equities involved. The Court of Appeals determined that the equities were not in the petitioner's favor. Sturgeon caused the injury to the roads, and an injunction would be detrimental to the public in that this would delay and prevent the roads from being restored to a usable condition for the public. On the other hand, an injunction would preserve the status quo. Finally, the third prong requires the issuing trial court to assure that a substantial question is at issue. Issuance of a temporary injunction by the trial court was erroneous because the first two prerequisites were not met.

Rule 65.04 requires that for a temporary injunction to be granted, it must be "clearly shown ... that the movant [Sturgeon] will suffer immediate and irreparable injury, loss, or damage pending a final judgment in the action." The threat of immediate and irreparable injury to the petitioner was not clearly shown to exist for two reasons. The petitioner could have refused to comply with Natural Resources' notices and paid a fine or it could

have complied and repaired the roadway—while litigating its duty and liability.

Secondly, the *Harrison's Sanitorium* exception is inapplicable to the present facts. That case created an exception to the general rule of exhausting administrative remedies where 1) the issue is confined to the "validity of a regulation" and 2) an administrative proceeding "probably would be an exercise in futility." *Harrison's Sanitorium*, 417 S.W.2d at 139. These conditions are not present in this case to excuse the general rule of exhausting one's administrative remedies before utilizing the court system.

The Court of Appeals correctly pointed out that petitioner had an appropriate administrative remedy. Section 7 of 405 KAR 7:092 provides that a person to whom there has been issued a notice of noncompliance and order for remedial measures, may petition for administrative review and a hearing within thirty days of issuance. The petitioner chose not to pursue this course of administrative remedies. Thus, the Court of Appeals correctly rejected Sturgeon's claim that, without the temporary injunction, it would have suffered irreparable harm. Petitioner had an administrative remedy at the time. Thus, there was no pending irreparable injury.

For the aforementioned reasons, this Court affirms the Court of Appeals' finding that the Owsley Circuit Court abused its discretion when that trial court granted the petitioner's request for a temporary injunction. The Court of Appeals order is hereby affirmed.

All concur.