Pascual WHITE; Sarah White; and Whitley Development Corporation, Appellants,

v.

Phillip J. SHEPHERD, Secretary of the Natural Resources And Environmental Protection Cabinet, Appellee.

No. 95–CA–2777–MR.

Court of Appeals of Kentucky.

Jan. 31, 1997.

*Case Ordered Published by Court of Appeals March 21, 1997.*

Frank A. Atkins, Jr., Williamsburg, for appellants.

Ronald P. Mills, Frankfort, for appellee.

Before DYCHE and GUDGEL, JJ., and LESTER, Special Judge.

GUDGEL, Judge:

This is an appeal from an order entered by the Whitley Circuit Court dismissing a verified complaint for a declaration of rights and injunctive relief on the ground that appellants failed to first exhaust their administrative remedies. We perceive no error in the court's ruling. Hence, we affirm.

Between 1978 and 1989, appellant Whitley Development Corporation conducted surface mining operations pursuant to permits issued by the Natural Resources and Environmental Protection Cabinet (cabinet). Performance bonds were posted and, with two exceptions, were subsequently partially released as to each of the permits. After the mining activities ceased and the permits expired, inspections of the permitted sites allegedly disclosed numerous continuing violations of provisions set out in KRS Chapter 350 and the regulations thereunder governing surface mining activities. Appellants were issued citations for noncompliance, and the cabinet assessed civil penalties against Whitley Development Corporation and against appellants Pascual and Sarah White. Moreover, the cabinet also instituted administrative proceedings regarding the alleged violations, intending to obtain the cabinet secretary's final orders forfeiting the applicable performance bonds and imposing civil penalties.

While the administrative proceedings were pending, appellants filed this action in the circuit court seeking a declaration of rights and injunctive relief enjoining further prosecution of the pending proceedings. The court dismissed the action on the ground that it did not possess authority to adjudicate the legal issues raised by appellants until such time as the secretary of the cabinet issued, in the pending administrative proceedings, final orders from which a direct appeal could be taken pursuant to KRS 350.032. This appeal followed.

First, appellants argue that the circuit court possessed the authority to entertain this action pursuant to KRS 350.250(3). We disagree.

■ Aside from the fact that this issue was not preserved for review since appellants did not raise it before the trial court, it is clear that KRS 350.250 simply does not apply herein. Indeed, a review of its language demonstrates that KRS 350.250 is intended to apply only to limited situations involving the failure of public officers or employees to enforce the provisions of KRS Chapter 350 or the regulations thereunder, or to actions brought by third parties against persons who are operating in violation of rules, regulations, orders or permits issued by the cabinet. In short, the statute confers upon an innocent third party, who has been aggrieved either by a public employee's failure to enforce the surface mining laws or by a surface miner's violation of the law, a right to file a civil action seeking appropriate relief. Clearly, however, nothing in the statute's language evidences a legislative intent to confer upon a surface miner the right to avoid a pending administrative enforcement proceeding by directly filing a circuit court action against the cabinet and obtaining an adjudication upholding the surface miner's defenses to the enforcement proceedings.

Next, appellants contend that the instant proceeding is authorized by certain declaratory judgment provisions of KRS Chapter 418. Again, we disagree.

■ As noted in *Black v. Utter*, 300 Ky. 803, 190 S.W.2d 541, 542 (1945),

[t]he rule is also that a court will not take jurisdiction to render a declaratory judgment where another statutory remedy has been especially provided for the character of case presented, nor where the purpose is to affect proceedings which may be taken or pending before a public board which is vested with full power to act in the premises.

The issues raised in the instant declaratory judgment action were also pending in administrative proceedings before the cabinet on the date this action was filed. Moreover, it is clear that pursuant to KRS Chapter 350, the secretary and the cabinet are vested with the full power and authority to enforce this state's surface mining and reclamation laws, while courts are vested in such proceedings with only the authority to review final orders on appeal. KRS 350.032(2). Consistent with

the longstanding rule set out in *Black, supra,* it follows that since the cabinet is statutorily vested with the full and complete power to enforce surface mining laws through administrative proceedings, the circuit court did not err by refusing to accept jurisdiction over this action while administrative proceedings were still pending before the cabinet. Indeed, to conclude otherwise would have a chilling effect upon the cabinet's ability to carry out its enforcement powers and duties free from the intimidation which necessarily would result from the filing of collateral civil suits by those against whom enforcement is sought.

Finally, appellants contend that the doctrine of exhaustion of administrative remedies should not apply to this type of case because there are no disputed factual issues but, rather, there are only legal issues regarding the application and validity of certain statutes and regulations. Appellants urge that given this fact, they should not be required to endure further torment in the pending administrative proceedings before those legal issues are decided by the circuit court. We disagree with their argument.

True enough, in *Harrison's Sanitarium, Inc. v. Commonwealth,* Ky., 417 S.W.2d 137 (1967), our court recognized an exception to the general rule which requires the exhaustion of administrative remedies. However, *Harrison's Sanitarium* involved an original action attacking the validity of a recently adopted regulation which adversely impacted all existing nursing homes, requiring them to either comply with the new regulation at considerable expense, or face criminal sanctions and the loss of their licenses. The court determined that in those circumstances the plaintiffs should not be required to exhaust certain available administrative remedies before filing an action seeking an adjudication that the new regulation was invalid.

Recently, our court reached a different conclusion in *Sturgeon Mining Co. v. Whymore Coal Co.,* Ky., 892 S.W.2d 591 (1995). In that case the cabinet issued two notices of noncompliance citing the plaintiff for mining regulation violations which allegedly resulted in damage to a state highway and a county road. The plaintiff refused to participate in the administrative proceeding, choosing instead to file an action for a declaration of rights seeking an adjudication that the cabinet lacked the statutory authority to order it to repair the roads. The circuit court ruled that the doctrine of exhaustion of administrative remedies was not applicable, and it enjoined further enforcement of the cabinet's regulations. The supreme court affirmed the court of appeals' dissolution of the temporary injunction, holding that the *Harrison's Sanitarium* exception to the doctrine of exhaustion of administrative remedies applies only to a situation in which a regulation's validity is being attacked, and the completion of an administrative proceeding would likely be an exercise in futility.

Here, appellants have not attacked the validity of the surface mining statutes or regulations, or shown that they could not successfully defend against the pending administrative proceedings. Instead, they have merely claimed that the statutes and regulations did not apply to them. Consistent with *Sturgeon,* therefore, we conclude that appellants are not entitled to rely upon the exception to the general rule which requires them to exhaust their administrative remedies, and that the trial court did not err by dismissing their action for failing to first exhaust those remedies. *Cf. Department for Natural Resources and Environmental Protection v. Blackhawk Mining Co.,* Ky.App., 612 S.W.2d 745 (1980).

Finally, we note in passing that appellants' citation of *Franklin v. Natural Resources and Environmental Protection Cabinet,* Ky., 799 S.W.2d 1 (1990), also provides no support for their position. Like the situation in *Harrison's Sanitarium* but unlike that herein, *Franklin* involved a direct attack upon the validity of a regulation, with the result that the doctrine of exhaustion of remedies was found to be inapplicable.

The court's order is affirmed.

All concur.