Edward H. FLINT, Appellant,

v.

**EXECUTIVE BRANCH ETHICS COMMISSION, Appellee.**

No. 1997–CA–000706–MR.

Court of Appeals of Kentucky.

March 27, 1998.

Discretionary Review Denied by Supreme Court Dec. 9, 1998.

Case Ordered Published By Supreme Court Dec. 9, 1998.

Thomas J. Banaszynski, Louisville, for Appellant.

Donna G. Dutton, Frankfort, for Appellee.

Before GUIDUGLI, KNOX, and MILLER, Judges.

*OPINION*

MILLER, Judge.

Edward H. Flint brings this appeal from a February 26, 1997 order of the Franklin Circuit Court. We affirm.

The facts are these: Appellant was employed by the Department for Employment Services Workforce Development Cabinet (Cabinet) as a Principal Assistant II. On January 19, 1996, appellant resigned from this position and, within three days, registered with the Kentucky Legislative Ethics Commission as a lobbyist for the Lexington Trots Breeders Association. Appellant actively lobbied the 1996 General Assembly. In March 1996, appellee Executive Branch Ethics Commission (Commission) initiated a preliminary investigation to determine whether appellant's lobbying activities violated the Executive Branch Code of Ethics (Code of Ethics) (Ky.Rev.Stat.(KRS) Chapter 11A). An administrative proceeding against appellant was held on July 2, 1996. Appellant filed an answer, a motion to dismiss, and a motion for summary judgment. Therein, appellant admitted that he registered as a lobbyist three days after resigning his position with the Cabinet. Upon appellant's answer and motions, the hearing officer concluded that appellee was entitled to summary judgment. The hearing officer found it to be clear and convincing that appellant had violated the Code of Ethics, particularly KRS 11A.040(7). Appellant filed exceptions to the hearing officer's recommendations, and, on October 29, 1996, the Commission issued its Findings of Fact, Conclusions of Law, and Final Order also concluding that appellant had violated the Code of Ethics. Thereupon, appellant appealed to the Franklin Circuit Court. On February 26, 1997, the circuit court issued its order affirming the Commission's decision. This appeal followed.

■ We, as did the circuit court, review the Commission's decision for arbitrariness. In the case *sub judice*, appellant contends that the Commission's decision was arbitrary because he was never served with a copy of the hearing officer's recommended Findings of Fact, Conclusions of Law, and Order and Notice of Appeal rights.

■ KRS 13B.110(4) states in relevant part as follows:

A copy of the hearing officer's recommended order shall also be sent to each party in the hearing and each party shall have fifteen (15) days from the date the recommended order is mailed within which to file exceptions to the recommendations with the agency head.

. . .

Appellant maintains that failure to serve him individually is violative of KRS 13B.110(4). It is undisputed, however, that appellant's counsel was served with a copy of the recommended order. We believe service upon appellant's counsel complies with the mandates of the above statute.

Next, appellant contends that:

(1) the proceedings imposing sanctions were procedurally defective;

(2) there is clearly a factual dispute as to the communications between the Commission's staff and appellant Flint;

(3) the appellant detrimentally relied upon advisory opinions issued by the Commission, as well as the "guide to the executive branch code of ethics"; and

(4) there is no proof by clear and convincing evidence that Flint violated KRS 11A.040(7) as charged, based upon the evidence of record.

■ We agree with the circuit court's disposition of the above allegations of error and adopt such herewith:

The statute at issue is clear and unambiguous in its prohibition: "A former public servant shall not act as a lobbyist or lobbyist's principal for a period of one (1) year after . . . the date of leaving office or termination of employment." Petitioner is a "public servant" who registered as a lobbyist within three days of leaving his position with the state. There are no qualifications, exceptions, or conditions in KRS 11A.040(7) that would remove any public servant from the reaches of the prohibition. Therefore, *because Petitioner admitted to the entire substance of the illegal conduct, there were no genuine issues of material fact requiring a full evidentiary hearing* [emphasis added].

Petitioner was not deprived of due process. Under KRS Chapter 11A as well as any other administrative procedure, the purpose of a hearing is to allow the hearing officer a full review in order to make find-

ings of fact from the whole of the disputed allegations. There were no disputed allegations of material fact in this case. Moreover, KRS 13B.090(2) provides that the "hearing officer may make a recommended order in an administrative hearing submitted in written form if the hearing officer determines that there are no genuine issues of material fact in dispute and judgment is appropriate as a matter of law." It is clear from the record that the hearing officer properly concluded that there were no genuine issues of material fact, and that the conduct admitted by the Petitioner constituted a violation of the statute.

Petitioner's allegations of detrimental reliance have no bearing in light of the clear language of the statute. It is well established that all persons are charged with knowledge of the laws pertaining to their conduct. *Barker v. Stearns Coal & Lumber*, 291 Ky. 184, 163 S.W.2d 466 (1942). Another person's assertion that conduct is legal certainly does not vitiate [sic] the wrongdoer where the stated conduct is illegal. Moreover, the statute does not require the offender to "knowingly" violate the code in order to be punished under it. Thus, even if Petitioner legitimately relied upon the assertions of others, it would have no bearing on his culpability under this statute.

In any event, the guidebook relied upon by Petitioner quotes directly from the statutes at issue in outlining prohibited conduct. It provides that "a former employee is prohibited for one year following termination of employment from acting as a lobbyist, employing a lobbyist, or representing a person or business in a matter before a state agency in which the former employee was directly involved as a state employee." The language "in which the former employee was directly involved" is found only in KRS 11A.040(8), which deals with *representing* [emphasis in original] a person or business before a state agency. Thus, when read together with the statute, it is obvious that the guidebook correctly states that this narrow exception only applies to representation before a state agency and not to lobbying activity.

Upon the whole, we are of the opinion that the Commission's decision was not arbitrary and that the circuit court did not commit reversible error by affirming said decision.

For the foregoing reasons, the order of the circuit court is affirmed.

All concur.