**EXECUTIVE BRANCH ETHICS COMMISSION, Appellant,**

v.

**Don STEPHENS, Appellee.**

No. 2000–SC–0578–DG.

Supreme Court of Kentucky.

Oct. 17, 2002.

Boyce A. Crocker, General Counsel, Executive Branch Ethics Commission, Frankfort, Counsel for Appellants.

Phillip J. Shepherd, Frankfort, Counsel for Appellee.

WINTERSHEIMER, Justice.

This appeal is from an opinion of the Court of Appeals affirming an order of the Franklin Circuit Court granting summary judgment for Stephens and finding that the Executive Branch Ethics Commission was without jurisdiction to investigate Stephens for possible violations of the Executive Branch Code of Ethics and that Stephens was immune from the ethics complaint.

The major question should be framed as whether the exclusive jurisdiction of the circuit court in matters involving the liquidation of a domestic insurer precludes the full investigation by the Executive Branch Ethics Commission of allegations of a violation of the Executive Branch Code of Ethics. We hold that it does not because the charges of misconduct relate only to personal behavior and are not directly connected to insurance liquidation.

Other issues presented include whether it was required that administrative remedies be exhausted; whether the deputy liquidator is an officer of the court completely under judicial control; whether Stephens was entitled to official immunity; and whether summary judgment was proper.

As Commissioner of the Department of Insurance, Stephens was appointed rehabilitator of the estate of Kentucky Central Life Insurance Company and was later appointed as liquidator. He resigned as Commissioner of Insurance on December

8, 1995, and on December 11, 1995, he was appointed as deputy liquidator for Kentucky Central by his successor as Commissioner and liquidator. His appointment was by contract between himself and his successor and was approved the same day by Franklin Circuit Court Judge Graham in his role as presiding judge over the Kentucky Central liquidation action. Stephens served as deputy liquidator from December 11, 1995 until December 12, 1996. He was then appointed as a consultant to the liquidator and deputy liquidator on an "as needed" basis. The Ethics Commission, acting on its own motion, initiated a preliminary inquiry on February 6, 1996, as to whether Stephens had violated any provisions of KRS Chapter 11A.

In summary, the alleged violations were that Stephens had, in violation of KRS 11A.040(6), entered into a contract to serve as deputy liquidator for Kentucky Central; that he used his official position to obtain financial gain for himself by arranging this contract and appointment with Kentucky Central upon his leaving the Department of Insurance; and that in accepting the position of deputy liquidator, he violated the prohibitions of KRS 11A.040(8).

The matter proceeded at the administrative level where Stephens filed an unsuccessful motion to dismiss. During the pendency of the administrative proceeding, he also filed a motion in circuit court seeking declaratory and injunctive relief. Ultimately, the circuit court granted Stephens a summary judgment. The Court of Appeals affirmed and this Court accepted discretionary review.

The Ethics Commission argues that Stephens should have been required to exhaust the administrative remedies available to him before the circuit court considered any appeal or complaint he might have. It contends that statutes must be interpreted so as not to reach an absurd result. The Commission asserts that Stephens, as deputy director, worked for the liquidator and served at her pleasure, and the only role of the circuit court was to approve his compensation. It also claims that summary judgment was improperly granted and that the circuit court erred in deciding that Stephens has immunity pursuant to KRS 304.33–115.

Stephens responds that the circuit court had exclusive jurisdiction over all matters related to the liquidation of the estate. Accordingly, he contends that the Commission did not have jurisdiction to adjudicate the charges against him, and there is no requirement for him to exhaust administrative remedies. Stephens also maintains that the deputy liquidator is an officer of the court and thus the post-public service employment restrictions do not apply. Further, he claims that the estate of an insolvent insurance company is completely under judicial control and does not contract or do business with the state as a matter of law; that he, based on the record, is entitled to official immunity; that the rules of statutory construction support the decisions of the circuit court and the Court of Appeals; that enforcing the clear statutory mandate of exclusive jurisdiction is not an absurd result; that summary judgment was properly granted on both lack of jurisdiction and official immunity grounds; that the Ethics Commission never presented the arguments set forth in its brief to the Court of Appeals or to the circuit court and has not properly preserved those arguments for further review.

### I. Exhaustion of Administrative Remedies

KRS 13B.140(1) states in part as follows: All final orders of an agency shall be subject to judicial review in accordance with the provisions of this chapter. A party shall institute an appeal by filing a

petition with the Circuit Court of venue, as provided in the agency's enabling statutes within thirty (30) days after the final order of the agency is mailed or delivered by personal service.

█ Here, Stephens made a motion to dismiss before the hearing officer which was overruled. He then sought interlocutory relief from Franklin Circuit Court contending that to allow the Ethics Commission's administrative proceeding to run its course would work irreparable harm both on him and the liquidation of Kentucky Central. However, at the time he filed his complaint in January of 1997, he was no longer the deputy liquidator for Kentucky Central. The Ethics Commission was not seeking to remove Stephens as deputy liquidator and thus attempting to overrule the appointment by the circuit court of Stephens to that position. Removal is a remedy not available to the Commission under the terms of its enabling statute.

At the time of the alleged offenses, KRS 11A.100(3) stated that:

The commission, upon a finding pursuant to an administrative hearing that there has been clear and convincing proof of a violation of this chapter, may:

(a) Issue an order requiring the violator to cease and desist the violation; and

(b) Issue an order requiring the violator to file any report, statement, or other information as required by this chapter; and

(c) In writing, publicly reprimand the violator for potential violations of the law and provide a copy of the reprimand to the alleged violator's appointing authority, if any; and

(d) In writing, recommend to the violator's appointing authority that the violator be removed or suspended from office or employment, and include a recommendation for length of suspension, to be approved by the appointing authority, if any; and

(e) Issue an order requiring the violator to pay a civil penalty of not more than two thousand dollars ($2,000) for each violation of this chapter.

The most the Commission could do in the event that it had found by clear and convincing evidence that Stephens had committed a violation of the code, would have been to either fine him or publicly reprimand him. In January of 1997, the Commission could not have taken the step of recommending to the appointing authority, the liquidator, that Stephens be removed from his position based on ethics violations because he had already been removed from such position by the then liquidator who was the new Commissioner of the Department of Insurance.

Irreparable harm did not exist by early 1997. At that time, Stephens was no longer deputy liquidator and the Commission could not in effect overrule the circuit court appointment. The other contentions made by Stephens are speculative in nature and could not have affected the liquidation proceedings of Kentucky Central. There was no great injustice or irreparable injury serious enough to embargo the administrative agency proceedings.

█ The collateral attack used by Stephens was also meritless. As noted in *Sobolewski v. Louisville Downs, Inc.*, Ky. App., 609 S.W.2d 943 (1980), a court of competent jurisdiction may consider the problem and grant appropriate relief when there is no longer any viable remedy through the administrative process. Here, the effort by Stephens to invoke the authority of the circuit court was a preemptive strike.

Stephens was unable to demonstrate that the completion of the administrative

proceeding would be an exercise in futility contemplated in *White v. Shepherd*, Ky. App., 940 S.W.2d 909 (1997). The availability of ultimate judicial review made judicial intervention at this point unnecessary. We find that no irreparable harm would result in awaiting any necessary judicial review.

The Commission was not attempting to override the circuit court in regard to the approval of Stephens as deputy liquidator but only challenging the actions Stephens took as both a public employee and former public employee. KRS 304.33 et seq. was intended to handle all issues related to liquidation, but not issues related to the conduct of the liquidator.

■ The plain language of KRS 304.33–200 and 304.33–240 shows that the deputy liquidator as an employee is not under the control of the court but rather under the Commissioner of the Department of Insurance. Pursuant to KRS 304.33–160, the role of the circuit court is to approve the level of compensation for the deputy liquidator. Stephens did not serve at the pleasure of the circuit court but rather at the pleasure of the liquidator, the Commissioner of Insurance. In these circumstances the Ethics Commission was attempting to carry out its investigation against Stephens, which had begun earlier, and Stephens only sought declaratory and injunctive relief eight months later. The Commission could only be concerned with the conduct of Stephens himself as a public employee and/or former public employee. The circuit court had no part in the decision made by Stephens to enter into the contract appointing him deputy liquidator.

We recognize that the Kentucky Insurance Code places jurisdiction over the liquidation of Kentucky Central Insurance Company with the Franklin Circuit Court. However, the Ethics Commission has a different statutory duty which is to investigate and to bring to conclusion charges that the conduct of Stephens violated the ethics code. We conclude that the circuit court did not have jurisdiction because Stephens chose not to exhaust his administrative remedies.

## II. Absurd Result

KRS 304.33–190(2) states:

Upon the issuance of an order directing the commissioner to liquidate a domestic insurer, the court shall have exclusive jurisdiction over all matters relating to the liquidation, including, but not limited to, the proper scope and application of the provisions of this subtitle to the liquidation as well as all interpretation and enforceability of all contracts of insurance to which the insurer is a party.

■ Clearly, the circuit court has exclusive jurisdiction over matters related to the liquidation of Kentucky Central Life Insurance Company. However, here, the alleged behaviors of the deputy liquidator are personal, and even though they may affect his official status, they do not relate to the liquidation. If there is any doubt from the language used by the legislature as to the intent and purpose of the law, then courts in interpreting the statute should avoid a construction which would be unreasonable and absurd in preference to one which is reasonable, rational, sensible and intelligent. *Johnson v. Frankfort and Cincinnati R.R., et al.*, 303 Ky. 256, 197 S.W.2d 432 (1946). The words of the statute are to be given their plain meaning unless to do so would constitute an absurd result. *See Bailey v. Reeves*, Ky., 662 S.W.2d 832 (1984). The statutory system of an Executive Ethics Commission is to promote ethical conduct of present and former public employees and to investigate and adjudicate potential violations. The insurance code should not be so broadly

interpreted as to nullify the provisions of the ethics code. It is abundantly clear that such was not the intention of the General Assembly in enacting the ethics code. KRS 304.33 et seq. applies to liquidation proceedings and not to the personal behavior of individuals.

The deputy liquidator is not an officer of the court, but rather serves at the pleasure of the liquidator, the Commissioner of Insurance. The claim that the deputy liquidator worked for the Franklin Circuit Court has no basis in the statute. The only role of the court was in approving his compensation. KRS 304.33–160. There is no violation of the separation of powers doctrine. The Governor, not the circuit court, decides who will be the Commissioner of the Department of Insurance.

### III. Summary Judgment

Because the circuit court lacked jurisdiction, the issue of summary judgment is moot, however, we will address the question concerning immunity.

Stephens argues that based on the uncontested record he is entitled to official immunity from any charges by the Ethics Commission. He asserts that the trial judge properly held that the grant of immunity under KRS 304.33–115 is correct and prevents the Commission from prosecuting any administrative action charging ethical violations. We disagree.

■ The immunity involved, if any, is available only to the liquidator or deputy liquidator because of any official actions they take regarding the liquidation proceedings. The Ethics Commission correctly maintains that it has no interest in any action Stephens took in his role as deputy liquidator and no charges against him for ethics violations were based on any actions or decisions he made as deputy liquidator. Immunity is not available to prevent an administrative agency from investigating that official for possible ethics violations.

■ The argument by Stephens that he had relied on the advice of counsel in deciding to accept the position of deputy liquidator is without merit. *See Flint v. Executive Branch Ethics Commission,* Ky. App., 981 S.W.2d 132 (1998). Reliance on advice of counsel is not a viable defense in this action.

The exclusive jurisdiction of the circuit court to hear and adjudicate all matters related to insurer liquidation pursuant to KRS 304.33–190(2) does not extend to matters involving a charge of an ethical violation of the Executive Branch Code of Ethics compiled in KRS 11A et seq. Thus, the summary judgment was in error.

The opinion of the Court of Appeals and the decision of the circuit court are reversed.

LAMBERT, C.J., COOPER, GRAVES and KELLER, JJ., concur.

STUMBO, J., dissents by separate opinion and is joined by JOHNSTONE, J.

STUMBO, Justice, dissenting.

I disagree with the majority because I find that the attempted actions of the Executive Branch Ethics Commission against Don Stephens conflicted with the exclusive jurisdiction of the Franklin Circuit Court over the Kentucky Central Life liquidation proceedings. Therefore, I respectfully dissent.

Kentucky statutory law supports Stephens' assertion that the Franklin Circuit Court has exclusive jurisdiction over all matters concerning the Kentucky Central Life liquidation. KRS 304.33–190(2) provides:

Upon the issuance of an order directing the commissioner to liquidate a domestic insurer, the court shall have *exclusive*

*jurisdiction* over *all matters* relating to the liquidation, including, but not limited to, the proper scope and application of the provisions of this subtitle to the liquidation as well as all interpretation and enforceability of all contracts of insurance to which the insurer is a party. (Emphasis added).

Language of the like can also be found at KRS 304.33–040(3)(a), wherein it states "[t]he court shall have *exclusive jurisdiction* to entertain, hear, or determine *all matters* in any way relating to any delinquency proceeding under this subtitle, including, but not limited to, all disputes involving purported assets of the insurer." (Emphasis added).

In *Kentucky Central Life Insurance Company v. Stephens*, Ky., 897 S.W.2d 583 (1995), this Court held that a circuit court is empowered by KRS 304.33–040 to have exclusive jurisdiction and to take any action essential to carry out the mandates of that subtitle. *Id.* at 588. Considering case law and the above-mentioned statutory language, I believe that the circuit court enjoys exclusive authority over all matters related to the Kentucky Central Life liquidation, which would include Stephens' alleged violation of the ethics code. The majority believes that no irreparable harm would occur if Stephens was forced to exhaust the remaining administrative remedies available to him. However, the majority's decision allows the Commission to continue its actions against Stephens. Consequently, the result reached today effectively condones an agency of the executive branch of this Commonwealth to invade the province of the judiciary, which is contrary to the separation of powers doctrine.

I recognize the importance of a party exhausting all available remedies before seeking review in a higher court. However, when an action by an administrative agency violates the jurisdiction of the courts, relief sought from the circuit court is appropriate as opposed to one seeking administrative remedies. In *Goodwin v. City of Louisville*, 309 Ky. 11, 215 S.W.2d 557 (1948), the right of a party to seek direct judicial relief was recognized, instead of having to use available administrative remedial procedures, whenever the issue of jurisdiction is a question of law. Here the circuit court possessed exclusive jurisdiction pursuant to KRS 304.33 et seq. Moreover, the circuit court had exclusive jurisdiction over all matters related to the Kentucky Central Life liquidation. I would hold that any administrative action taken by the Commission against Stephens falls within this jurisdiction. Accordingly, the actions attempted by the Commission against Stephens conflicted with the exclusive jurisdiction of the Franklin Circuit Court.

I further disagree with the majority's interpretation of KRS 304.33–190(2). While the majority states that it is clear that the circuit court has exclusive jurisdiction over matters related to the Kentucky Central Life liquidation, the matters at issue here are dismissed as "personal" and as having no relation to the liquidation proceedings. "Where the words used in a statute are clear and unambiguous and express the legislative intent, there is no room for construction and the statute must be accepted as it is written." *Griffin v. City of Bowling Green*, Ky., 458 S.W.2d 456, 457 (1970). The language provided by KRS 304.33–190(2), as well as KRS 304.33–040(3)(a), is very clear when it states that the court shall have "exclusive jurisdiction" concerning "all matters" related to liquidation proceedings. I do not find that any absurdities will result from accepting the language as it is written. Furthermore, the holding today amounts to nothing more than a subversion of the unambiguous leg-

islative intent behind Subtitle 33. Following the unambiguous language of the above statutes would not serve to nullify the provisions of the Executive Branch Code of Ethics, much less negatively impact the Commission's ability to institute proper actions that do not conflict with any matters within the purview of the judicial branch.

Finally, I do not believe that the issue of summary judgment is moot, and I would hold that summary judgment was properly granted in this case. "Summary judgment is properly entered if the pleadings and all relevant discovery indicate that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." *Toyota Motor Manufacturing, U.S.A., Inc. v. Epperson,* Ky., 945 S.W.2d 413, 414 (1996). Additionally, it is necessary to view the record in the light most favorable to the party opposing the motion for summary judgment, and any doubts must be resolved in that particular party's favor. *Steelvest, Inc. v. Scansteel Service Center, Inc.,* Ky., 807 S.W.2d 476, 480 (1991). Here the circuit court found, and the Court of Appeals agreed, that there existed no genuine issue of material fact for trial. Stephens' motion for summary judgment was supported by affidavits that were not contested in any form or fashion by the Commission. "If uncontroverted affidavits which clearly disclose the facts show that a genuine issue does not exist, the opposing party has an obligation to do something more than rely upon the allegations of his pleading." *Continental Casualty Company, Inc. v. Belknap Hardware & Manufacturing Company,* Ky., 281 S.W.2d 914, 916 (1955). Stephens provided evidence that no genuine issue of material fact was present, and the Commission failed to put forth any information to merit a dismissal of the summary judgment motion. Thus, I find no error in the circuit court's decision to grant Stephens' motion for summary judgment.

For the aforementioned reasons, I respectfully dissent and would affirm the judgments of the Court of Appeals and the Franklin Circuit Court.

JOHNSTONE, J., joins this dissent.