RENDERED:  MAY 31, 2024; 10:00 A.M.
TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2023-CA-0032-MR

KEVIN STICH                                                                 APPELLANT


APPEAL FROM JEFFERSON CIRCUIT COURT
v.      HONORABLE SUSAN SCHULTZ GIBSON, JUDGE
ACTION NO. 20-CI-002044


DALE MATTINGLY; LEVEL UP
FITNESS, LLC; AND MICHAEL
WHEATLEY                                                                 APPELLEES


OPINION
AFFIRMING

** ** ** ** **

BEFORE:  CALDWELL, CETRULO, AND A. JONES, JUDGES.

JONES, A., JUDGE:  On October 17, 2022, the Jefferson Circuit Court entered an order in the above-styled action directing the Master Commissioner to sell the Appellant, Kevin Stich's, interest in Haunt Brothers, LLC ("Haunt Brothers") at public auction.  On appeal, Stich argues that the circuit court erred as a matter of law insomuch as its order did not limit the interest being sold to only

the right to receive distributions up to the amount of the underlying judgment against him. Having reviewed the record, and being otherwise sufficiently advised in the law, we affirm.

## I. BACKGROUND

On March 20, 2020, the Appellee, Kevin Mattingly, filed a civil complaint against Stich. Mattingly alleged that on or about July 20, 2018, Stich contracted with him to lease commercial property in Louisville, Kentucky, but Stich breached the contract by failing to pay him all the consideration he was due under the contract. Stich was served with Mattingly's complaint on March 20, 2020, but he failed to timely answer or otherwise enter an appearance. Eventually, Mattingly moved the circuit court for a default judgment against Stich. By its order entered April 28, 2020, the circuit court granted Mattingly's motion for default judgment on the issue of liability and set a hearing on damages. Mattingly appeared at the hearing and presented proof, but neither Stich nor anyone acting on his behalf attended. On August 24, 2020, the circuit court entered a monetary judgment against Stich for "$73,458.74 plus court costs and attorney's fees in the amount of $910.00."

On October 22, 2020, Mattingly filed a motion pursuant to KRS[1] 275.260 to be charged with Stich's interest in seven different limited liability

---

[1] Kentucky Revised Statutes.

companies, including Haunt Brothers, to satisfy his judgment. The circuit court granted Mattingly's motion and entered a separate charging order for each of the seven companies. Thereafter, with the assistance of counsel, Stich entered an appearance.[2] For the next several months, Mattingly unsuccessfully attempted to collect on his judgment.

On June 15, 2022, pursuant to KRS 275.260(4), Mattingly moved the circuit court to order a foreclosure of Stich's interest in Haunt Brothers by way of a judicial sale to be conducted by the Master Commissioner at public auction. Stich did not object to the fact that Mattingly could seek to foreclose on the charging order; however, he asserted that the only interest subject to foreclosure was his right to receive distributions up to the amount of the judgment. On October 17, 2022, the circuit court granted Mattingly's motion as follows:

> On or about October 22, 2020, this Court entered charging orders against seven limited liability companies of [Stich], including Haunt Brothers, LLC. On or about June 20, 2022, [Mattingly], pursuant to KRS 275.260(4) moved this Court to order a foreclosure upon [Stich's] interest in Haunt Brothers, LLC. On July 1, 2022, [Stich], by counsel, filed a Response to [Mattingly's] motion. [Stich] does not object to the foreclosure upon the limited liability company interest, but argues that any foreclosure on [Stich's] interest only applies to a limited interest in the LLC – Mr. Stich's rights to receive distributions from the LLC, to the extent of [Mattingly's]

---

[2] After entering an appearance Stich filed a motion seeking to have the charging orders set aside due to the appointment of Mattingly's counsel as a receiver. Although the circuit court declined to set aside the charging orders, it did replace Mattingly's counsel with a different receiver.

judgment in this case. [Stich] relies on KRS 275.260(2) and (4) in support of that position. [Stich] additionally argues that, pursuant to KRS 275.255 [Mattingly] is entitled only to foreclose on [Stich's] rights to distributions from the LLC necessary to pay for the judgment, not [Stich's] entire interest in the LLC. The Court finds that [Mattingly's] statutory analysis frustrates the purpose of the statute, especially since [Stich] is the sole member of the LLC. And is unsupported by case law.

WHEREFORE, IT IS HEREBY ORDERED that [Mattingly's] motion to foreclose on [Stich's] interest in Haunt Brothers, LLC is granted pursuant to KRS 275.260(4).

IT IS FURTHER ORDERED that this matter is referred to the Master Commissioner for the purpose of effecting a judicial sale of [Stich's] interest in Haunt Brothers, LLC, at public auction.

This is a final and appealable Order, there being no just cause for delay.

(Record (R.) at 752-53.)

On October 27, 2022, Stich filed a motion pursuant to CR[3] 59.05 to alter, amend, or vacate the circuit court's foreclosure order. The circuit court overruled Stich's motion by order entered December 7, 2022. This appeal by Stich followed.

---

[3] Kentucky Rules of Civil Procedure.

## II. STANDARD OF REVIEW

The issue before us is purely one of statutory interpretation. "Statutory interpretation is a question of law[.]" *Commonwealth v. Burkhead*, 680 S.W.3d 877, 883 (Ky. 2023). We review questions of law and the application of law to facts under the *de novo* standard. *McMillin v. Sanchez*, 686 S.W.3d 145, 147 (Ky. 2024). Such a review does not require us to afford any deference to the decision below. *Commonwealth v. B.H.*, 548 S.W.3d 238, 242 (Ky. 2018).

The primary objective in construing statutory language is determining the intent of the Legislature in enacting the legislation. *Exec. Branch Ethics Comm'n v. Stephens*, 92 S.W.3d 69, 73 (Ky. 2002). "The most logical and effective manner by which to determine the intent of the legislature is simply to analyze the plain meaning of the statutory language[.]" *Stephenson v. Woodward*, 182 S.W.3d 162, 169-70 (Ky. 2005). Statutory terms are interpreted "based upon their common and ordinary meaning, unless they are technical terms." *Maupin v. Tankersley*, 540 S.W.3d 357, 359 (Ky. 2018).

"If the statutory language is plain and unambiguous, the legislature's intent is deduced from the language used." *Hughes v. UPS Supply Chain Sols., Inc.*, 677 S.W.3d 273, 278 (Ky. 2023). If an ambiguity exists, we may resort to examining legislative history and public policy considerations to determine the true

intent of the statute. *MPM Financial Group Inc. v. Morton*, 289 S.W.3d 193, 198 (Ky. 2009).

Furthermore, "[w]hen engaging in statutory interpretation, it is imperative that we give the words of the statute their literal meaning and effectuate the intent of the legislature. We have repeatedly stated that we 'must not be guided by a single sentence of a statute but must look to the provisions of the whole statute and its object and policy.'" *Samons v. Kentucky Farm Bureau Mut. Ins. Co.*, 399 S.W.3d 425, 429 (Ky. 2013) (quoting *Cosby v. Commonwealth*, 147 S.W.3d 56, 59 (Ky. 2004)). "Generally, we presume that the legislature intended the statute 'to be construed as a whole, for all of its parts to have meaning, and for it to harmonize with related statutes.'" *Kentucky Board of Medical Licensure v. Strauss*, 558 S.W.3d 443, 448 (Ky. 2018) (quoting *Shawnee Telecom Res., Inc. v. Brown*, 354 S.W.3d 542 (Ky. 2011)).

### III. ANALYSIS

We begin our review with the statute at issue, KRS 275.260. It provides:

> (1) This section provides the exclusive remedy by which the judgment creditor of a member or the assignee of a member may satisfy a judgment out of the judgment debtor's limited liability company interest.
>
> (2) On application to a court of competent jurisdiction by a judgment creditor of a member or a member's assignee, a court may charge the judgment debtor's interest in the

limited liability company with payment of the unsatisfied amount of the judgment. To the extent so charged, the judgment creditor has only the rights of an assignee and shall have no right to participate in the management or to cause the dissolution of the limited liability company. The court may appoint a receiver of the share of the distributions due or to become due to the judgment debtor in respect of the limited liability company interest and make all other orders, directions, accounts, and inquiries the judgment debtor might have made or which the circumstances of the case may require to give effect to the charging order.

(3) A charging order constitutes a lien on and the right to receive distributions made with respect to the judgment debtor's limited liability company interest. A charging order does not of itself constitute an assignment of the limited liability company interest.

(4) The court may order a foreclosure upon the limited liability company interest subject to the charging order at any time. The purchaser of the limited liability company interest at the foreclosure sale has the rights of an assignee. At any time before foreclosure, the charged limited liability company interest may be redeemed:

> (a) By the judgment debtor;
>
> (b) With property other than limited liability company property, by one (1) or more of the other members; and
>
> (c) With limited liability company property, by the limited liability company with the consent of all members whose interest are not so charged.

(5) This section does not deprive a member or a member's assignee of the benefit of any exemption laws applicable to the member's or assignee's limited liability company interest.

(6) The limited liability company is not a necessary party to an application for a charging order. Service of the charging order on a limited liability company may be made by the court granting the charging order or as the court should otherwise direct.

(7) This section does not apply to the enforcement of a judgment by a limited liability company against a member of that company.

(8) This section does apply to the issuance of a charging order against the interest of a member or assignee of a member of a foreign limited liability company.

KRS 275.260. This statute is part of the Kentucky Limited Liability Company Act, KRS 275.001 *et seq*., and "provides the exclusive remedy by which the judgment creditor of a member or the assignee of a member may satisfy a judgment out of the judgment debtor's limited liability company interest." KRS 275.260(1).

In this case, Mattingly is the judgment creditor and Stich is the judgment debtor. Stich has not contested the fact that he is the sole member of Haunt Brothers, a Kentucky limited liability company. Pursuant to KRS 275.260(2), the circuit court issued a charging order against Stich's interest in Haunt Brothers for payment of Mattingly's judgment against him. The charging order operated as a lien on Stich's interest in Haunt Brothers and provided Mattingly the "right to receive distributions made with respect to [Stich's] limited liability company interest [in Haunt Brothers]." KRS 275.260(3). However, it did

not in and of itself operate as an assignment, KRS 275.260(3), nor did it give Mattingly the right to participate in the management or to cause the dissolution of Haunt Brothers, KRS 275.260(2). The charging order simply gave Mattingly the right to receive Stich's share of any distributions up to the amount of the underlying judgment.

The court-appointed receiver provided Haunt Brothers with notice of the charging order; however, Haunt Brothers did not forward any distributions to the receiver. As such, pursuant to KRS 275.260(4), Mattingly moved the circuit court to order foreclosure on Stich's interest in Haunt Brothers. The circuit court granted Mattingly's motion and entered an order referring the matter to the Master Commissioner "for the purpose of effecting a judicial sale of [Stich's] interest in Haunt Brothers, LLC, at public auction." As he did below, Stich asserts that the circuit court erred as a matter of law when it directed the master commissioner to auction his entire interest in Haunt Brothers at the public sale. He claims that the circuit court was only authorized to order foreclosure on his distribution rights up to the amount of the underlying judgment as set forth in the charging order.

The charging order itself only placed a lien on Stich's interest in Haunt Brothers up to the amount of the judgment. It did not operate as an actual assignment. While the charging order was in effect, Stich still had the right to participate in the company as a member subject only to the limitation that his

distributions were to go to the receiver to satisfy Mattingly's judgment against him. Assuming distributions had been made sufficient to satisfy the judgment, the charging order would have been lifted giving Stich the right to receive the distributions going forward. *Implications of foreclosure for the LLC*, 1 RIBSTEIN AND KEATINGE ON LTD. LIAB. COS. § 10:19. In this instance, Stich would have been freed of the effect of the charging order and distributions thereafter made with respect to his Haunt Brothers' interest would have been paid to him as a member in the normal course. *Id.* at § 10.17.

However, this is not what happened. Instead, no distributions were made, and the circuit court ordered foreclosure on Stich's interest in Haunt Brothers. Stich asserts that the foreclosure order entered by the circuit court was in error because it ordered his entire interest in Haunt Brother to be sold instead of limiting the foreclosable interest to the right to receive distributions up to the amount of the judgment. This interpretation ignores the fact that Mattingly already had a right to receive the distributions up to the amount of the judgment under the charging order pursuant to KRS 275.260(2). Adopting Stich's interpretation would render KRS 275.260(4) essentially meaningless and hollow, a result which we cannot countenance. *Lewis v. Jackson Energy Co-op. Corp.*, 189 S.W.3d 87, 91 (Ky. 2005) ("Statutes should be construed in such a way that they do not become ineffectual or meaningless.").

Having examined all sections of KRS 275.260 within the greater context of the Kentucky Limited Liability Company Act we are confident that "the limited liability company interest subject to the charging order" referred to in KRS 275.260(4) is the judgment debtor's entire transferable interest in the subject company. Thus, the circuit court did not err when it refused to limit the foreclosure to Stich's rights to distribution up to the amount of the judgment.

The purchaser of the interest at the foreclosure sale would then receive "the rights of an assignee." *Id.* When the sole member of the limited liability company's interest is auctioned off via foreclosure, the sole member ceases to be a member. KRS 275.280(1)(c)3.; *Implications of foreclosure for the LLC*, 1 RIBSTEIN AND KEATINGE ON LTD. LIAB. COS. § 10:19. This in turn would trigger dissolution pursuant to KRS 275.285(4).

After having reviewed the Kentucky Limited Liability Company Act, we are confident the circuit court's interpretation was the correct one. While the charging order itself only operated as a lien on Stich's transferable interest in Haunt Brothers up to the amount of the judgment, the foreclosure process was clearly meant to provide a more drastic alternative whereby the creditor might attempt to recoup the debt owed to him through a forced sale of the member's entire transferable interest. The alternative interpretation posited by Stich would not accomplish the statute's clear objective.

## IV. Conclusion

For the reasons set forth above, we affirm the Jefferson Circuit Court's October 17, 2022 foreclosure order.

ALL CONCUR.

| BRIEF FOR APPELLANT: | BRIEF FOR APPELLEE DALE MATTINGLY: |
|---|---|
| Harry B. O'Donnell IV<br>Louisville, Kentucky | Paul R. Schurman, Jr.<br>Makenzie Ackermann<br>Louisville, Kentucky |